**Robert E. BIGGS, Ralph K. Biggs, and Lucille A. Biggs, Appellants (Plaintiff below),**

**v.**

**The BOARD OF ZONING APPEALS OF the CITY OF WABASH, Indiana, Appellee (Defendant below).**

No. 2–682A192.

Court of Appeals of Indiana, Second District.

April 28, 1983.

Rehearing Denied July 5, 1983.

Alan J. Zimmerman, Wabash, for appellants.

Stephen B. Downs, Wabash, for appellee.

SHIELDS, Judge.

Robert E. Biggs, Ralph K. Biggs and Lucille A. Biggs (Biggs) appeal the trial court's dismissal of their petition for writ of certiorari filed pursuant to I.C. 36–7–4–1003 (Burns Code Ed., Repl.1981). They sought judicial review of the denial of their variance request by the Board of Zoning Appeals of the City of Wabash, Indiana (Board). The Board filed a motion to dismiss the petition because the petition was not filed within the thirty (30) day statutory time period mandated in I.C. 36–7–4–1003.[1] The trial court granted the Board's motion to dismiss.

Biggs raises two issues on appeal:
(1) whether the petition for a writ of certiorari was timely filed; and
2) whether the dismissal denied Biggs due process of law.

We affirm.

The Board held a meeting on September 17, 1981, at which time Biggs' variance request was voted upon and denied. The Board approved minutes of the September 17, 1981 meeting at their October 15, 1981 meeting. Biggs argues the decision denying the variance occurred on October 15, 1981 because that is the date the minutes of the meeting at which the vote occurred were approved. If that is true, then the petition filed on November 13, 1981 was timely. We disagree.

■ A board speaks officially only through its minutes and records made at a duly authorized meeting. *Stallard v. Town of St. John Lake County,* (1980) Ind.App., 397 N.E.2d 648, 650. However, that rule is an evidentiary rule and applies only to evidentiary matters. The issue here is not evidentiary, but is, instead, the date the Board's decision was made.

■ The Board considered and voted upon Biggs' variance request on September 17, 1981. This, then, is the date of the Board's decision rather than the date of the meeting at which the minutes of the September 17, 1981 meeting were approved. Minutes are a recordation of events which have previously occurred. They are not the event, but a record of the transpired event. The event, a decision on a variance request made by a vote, occurred on September 17, 1981 regardless of when, if ever, it was memorialized.

I.C. 36–7–4–1003 provides parties thirty days in which to present their petitions for writs of certiorari; thirty days from September 17, 1981 was October 17, 1981. Biggs filed the petition for a writ of certiorari on November 13, 1981. Biggs missed the deadline and thus, fell outside the statute's requirement.

■ Failure to comply with the statute is fatal. *Ballman v. Duffecy,* (1952) 230 Ind. 220, 102 N.E.2d 646. *See also Monon R. Co. v. Citizens of Sherwood Forest Addition,* (1970) 146 Ind.App. 620, 257 N.E.2d 846; *Kupfer v. Board of Zoning Appeals of Indianapolis,* (1959) 130 Ind.App. 55, 162 N.E.2d 110. The trial court correctly granted the Board's motion to dismiss.

■ Turning to the issue of the alleged denial of due process, we find the contention meritless. Biggs was not denied the right to review; it was available to him. Due process requires only that review of administrative decisions be available, not that parties may evade specific requirements contained in the review statutes. *Ballman* considered the constitutionality of the review statute in issue and the supreme court concluded,

"This court had held that the inherent right to a review of an order of an administrative board or commission is not statutory, but a right under the Indiana Constitution. (Citations omitted). However, where the statute provides the remedy of a review, and the procedure must be complied with. In the case at bar the procedure for review does not prohibit the remedy of review by the court, and it is not in violation of the Constitution."

I.C. 36–7–4–1003(b) (Burns Code Ed., Repl. 1981).

1. "The person shall present the petition to the court within thirty [30] days after the date of that decision of the board of zoning appeals."

*Ballman,* 230 Ind. at 229, 102 N.E.2d at 650. *See Mathis v. Cooperative Vendors, Inc.,* (1976) 170 Ind.App. 659, 666, 354 N.E.2d 269, 274. Biggs was not denied due process.

Judgment affirmed.

BUCHANAN, C.J., and SULLIVAN, J., concur.