CITIZENS AGAINST BRAZIL LAND-FILL, Wayne Ringo, Rita Ringo, Terry L. Whittington, Teresa R. Whittington, Joyce Swartz and Kathy Leith, Petitioners–Appellants,

v.

BRAZIL BOARD OF ZONING APPEALS, Otter Creek Landfill, Inc., and Shire–Sites, Inc., Respondents–Appellees.

No. 11A01–9007–CV–305.

Court of Appeals of Indiana, First District.

Jan. 24, 1991.

Amos P. Thomas, Thomas & Thomas, Brazil, for petitioners-appellant.

George W. Pendygraft, Indianapolis, Joe Etling, Smock Law Office, Terre Haute, William G. Brown, Brown & Somheil, Brazil, for respondents-appellees.

BAKER, Judge.

Respondent-appellee Brazil Board of Zoning Appeals (the Board), granted a special exception for a landfill to respondent-appellees, Otter Creek Landfill, Inc. (Otter Creek), and Shire–Sites, Inc. (Shire–Sites) after a public hearing by the Board. Petitioner-appellants Citizens Against Brazil Landfill, Wayne and Rita Ringo, Terry and Teresa Whittington, Joyce Swartz, and Kathy Leith (collectively referred to as Citizens) filed a petition for a writ of certiorari from the Clay Circuit Court seeking judicial review of the Board's decision. The special judge dismissed the petition on the ground that Citizens failed to give proper notice to all adverse parties as required by IND. CODE 36–7–4–1005.

That there were two individuals who did not receive notice is beyond question. The sole question for our review is whether Citizens' failure to give notice to those individuals necessitates dismissal of Citizens' petition. We hold that it does not, and therefore reverse.

The facts underlying this litigation are convoluted and filled with all the tension one would expect from a local political dispute involving something as controversial as a landfill. At this stage, however, most of those facts are not relevant, and neither our actions nor those of the trial court to date should be construed as a comment on the merits of the parties' positions. The facts pertinent to our review follow.

On October 27, 1989, the Board held a hearing on Shire–Sites and Otter Creek's petition for a special exception to build a landfill. During the hearing, the attorney representing Otter Creek read into the minutes the affidavit of Vernon Crafton, a Clay County resident. *Record* at 161–62. Mr. Crafton was a retired waste hauler, and his affidavit stated his opinion favoring the proposed landfill. Mr. Crafton did not attend the hearing.

Soon afterwards, Rex Hane took the floor. Mr. Hane was a resident and the Clerk–Treasurer of the City of Brazil. Mr. Hane explained that his duties as City Treasurer included maintaining accounting information on the expenses the City incurred for its waste removal. He then discussed the expenses and the savings to the City he anticipated the proposed landfill would engender. *Record* at 163–65.

After the hearing, the Board approved the petition for the special exception. Citizens then timely filed its petition for writ of certiorari, but did not provide notice of the filing to either Mr. Crafton or Mr. Hane. The trial court granted the appellees' motion to dismiss based on Citizens' failure to serve Mr. Crafton and Mr. Hane, and Citizens now appeals.

## DISCUSSION AND DECISION

Review of decisions of boards of zoning appeal is achieved by an aggrieved party's petition for writ of certiorari to the circuit or superior court in the county in which the affected property is located. IND.CODE 36–7–4–1003(a). The trial court does not gain jurisdiction over an individual petition, however, until the petitioner serves notice of the petition to all adverse parties as required by IND.CODE 36–7–4–1005. "An adverse party is any property owner who the record of the board of zoning appeals shows had appeared at the hearing before the board in opposition to the petitioner." IND.CODE 36–7–4–1005(a). Failure to serve an adverse party is fatal to the petitioner's action. *Favourite v. Steuben Cty. Bd. of Zoning Appeals* (1987), Ind.App., 515 N.E.2d 560, *trans. denied.* This rule is subject to some qualification, however.

First, regarding Mr. Crafton, our supreme court held in *Butler Toyota, Inc. v. Metropolitan Bd. of Zoning Appeals, Division I* (1987), Ind., 504 N.E.2d 271, that service upon an adverse party's attorney of record is sufficient for purposes of the notice required by IND.CODE 36–7–4–1005. The record here shows Mr. Crafton appeared at the hearing solely by Attorney William Brown, counsel for Otter Creek, who read Mr. Crafton's affidavit. While the record does not reveal Attorney Brown undertook to represent Mr. Crafton outside the context of the hearing, Brown was the sole conduit through which Mr. Crafton appeared at the hearing. Such a procedure is contemplated by IND.CODE 36–7–4–920(c), which provides in pertinent part: "At the [zoning board of appeals] hearing, each party may appear in person, by agent, or by attorney." Citizens served notice to Attorney Brown, *Record* at 33, and this was sufficient to constitute notice to Mr. Crafton under *Butler Toyota.*

Second, while Mr. Hane personally appeared at the hearing, he did so solely in his official capacity as Brazil Clerk–Treasurer. In a recent decision authored by Judge Staton, this court stated that "when a person who appears and speaks at a public hearing in opposition to a petitioner for writ of certiorari identifies himself exclusively as an employee of a city or county agency, the petitioner is entitled to infer that the person is speaking in a representative capacity." *Allen Cty. Bd. of Zoning Appeals v. Guiff* (1990), Ind.App., 552 N.E.2d 519, 525. Thus, a person appearing solely as a municipal representative is not entitled to service under IND.CODE 36–7–4–1005. Here, Citizens was entitled to infer that Mr. Hane, who addressed items within the purview of his office, was appearing as Brazil Clerk–Treasurer, not as a property owner. Accordingly, Citizens was not required to serve notice to Mr. Hane.

There being no failure to serve required notice to all adverse parties, the judgment of the trial court dismissing Citizens' petition for writ of certiorari is reversed. The cause is remanded to the trial court for further proceedings consistent with this opinion. ·

ROBERTSON and GARRARD, JJ., concur.