**Daniel E. HOAGLAND, Karen Hoagland, and Hoagland Family Limited Partnership, Appellants–Plaintiffs,**

v.

**TOWN OF CLEAR LAKE BOARD OF ZONING APPEALS, Appellee–Defendant.**

**No. 76A03–0609–CV–444.**

Court of Appeals of Indiana.

Aug. 8, 2007.

J. Michael Loomis, Fort Wayne, IN, Attorney for Appellants.

W. Erik Weber, Neal R. Blythe, Mefford and Weber, Auburn, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Judge.

Daniel and Karen Hoagland and the Hoagland Family Limited Partnership (collectively, the "Hoaglands") appeal the trial court's dismissal of their petition for judicial review regarding a decision by the Town of Clear Lake Board of Zoning Appeals ("BZA") and the trial court's denial of their motion to correct error. The Hoaglands raise four issues, which we con-

solidate and restate as whether the trial court erred by dismissing the Hoaglands' petition for judicial review of a decision by the BZA based upon the Hoaglands' failure to provide the statutorily required notice. We affirm.[1]

In this appeal, the Hoaglands challenge the trial court's dismissal of their petition for judicial review regarding an Improvement Location Permit ("ILP") issued concerning property owned by Jim and Cathlene Nevin. Today, we also issue a decision in *Hoagland v. Town of Clear Lake Bd. of Zoning Appeals*, 873 N.E.2d 61, No. 76A03–0610–CV–495, 2007 WL 2257214 (Ind.Ct.App.2007). In that appeal, the Hoaglands challenge the trial court's dismissal of their petition for a writ of certiorari. That appeal relates to the BZA's denial of their appeal regarding a second ILP issued to Steven Tagtmeyer to rebuild an existing garage and add a shed to property owned by the Nevins.

The relevant facts concerning the first ILP follow. On September 7, 2004, the zoning inspector for the Town of Clear Lake, Indiana, issued an ILP to Jim and Cathlene Nevin for the remodeling of their residence at 1120 Lake Dr. at Clear Lake. On August 26, 2005, the Hoaglands, who are the Nevins' neighbors, appealed the issuance of the ILP to the BZA. A public hearing was held on October 26, 2005, regarding the Hoaglands' appeal. The hearing was continued on December 20, 2005, and the BZA apparently denied the Hoaglands' appeal at that hearing but did not issue written findings.

On January 19, 2006, the Hoaglands filed a "Verified Petition for Judicial Re-view" of the BZA's denial of their appeal, but the Hoaglands did not serve notice upon the Nevins. The BZA responded on February 6, 2006, by filing a motion to dismiss because the Hoaglands cited the wrong statutory authority in their petition and filed a petition for judicial review rather than the required petition for writ of certiorari. At a hearing on the matter, the BZA also argued that the Hoaglands' petition should be dismissed because the Hoaglands did not serve notice of the petition upon the Nevins. On February 8, 2006, the Hoaglands filed a motion to amend their petition for judicial review and filed an "Amended Verified Petition and Request for Writ of Certiorari." Appellants' Appendix at 114, 117. After a hearing on the motion to dismiss, the trial court entered an order dismissing the Hoaglands' petition as follows:

1. On December 20, 2005 the BZA entered its Order approving the grant of [an] Improvement Location Permit requested by Jim and Cathlene Nevins ("Nevins"). Subsequent thereto, Hoagland sought review of the action taken by the BZA by filing on January 19, 2006 a Verified Petition for Judicial Review pursuant to Ind.Code 4–21.5–5–1, et seq.

2. At the time Hoagland [sic] the Verified Petition for Judicial Review the Nevins were not notified of the filing.

3. On February 7, 2006 the BZA filed its Motion to Dismiss for Lack of Jurisdiction.

4. On February 8, 2006 Hoagland filed a Motion to Amend Verified Petition for Judicial Review.

---

**1.** The BZA filed a Request for Leave to Supplement Record to include the transcript of the October 26, 2005, BZA hearing, exhibits submitted at the hearing, and a document submitted by the Hoaglands at the December 20, 2005, hearing. The supplemental record is unnecessary given our resolution of the issue in this case. Consequently, we deny the BZA's motion.

5. Therein, Hoagland sought leave of Court to change the format of the Petition originally filed on January 19, 2006 to a Petition for Writ of Certiorari, and be granted leave to provide notice as required by statute to all adverse parties.

6. Hoagland seeks review of an adverse decision made by the BZA.

7. The statutory procedure to seek review of such a decision is set forth at Ind.Code 36–7–4–1005 not Ind.Code 4–21.5–5–1, et seq.

8. In the case of *Bagnall v. Town of Beverly Shores,* 726 N.E.2d 782 (Ind. 2000), the Indiana Supreme Court at page 785 observed:

> "Decisions by boards of zoning appeals are subject to court review by certiorari. Ind.Code Sec. 36–7–4–1003(a) (Supp.1995). A person aggrieved by a decision of a board of zoning appeals may present to the circuit or superior court in the county in which the premises are located a verified petition setting forth that the decision is illegal, in whole or in part, and specifying the grounds of the illegality. *Id.* Sec. 36–7–4–1003(b). The petition must be presented to the court within 30 days of the board's decision. *Id. The court does not gain* jurisdiction over the petition until the petitioner serves *notice upon all adverse parties* as required by Ind.Code Sec. 36–7–4–1005(a) which provides in pertinent part:

> On filing a petition for a writ of certiorari with the clerk of the court, the petitioner shall have a notice served by the sheriff of the county on each adverse party, as shown by the record of the case in the office of the board of zoning appeals.... No other summons or notice is necessary when filing a petition....

> The Code defines an adverse party as 'any property owner whose interests are opposed to the petitioner for the writ of certiorari and who appeared at the hearing before the board of zoning appeals either in person or by a written remonstrance or other document that is part of the hearing record.' Ind. Code Sec. 36–7–4–1005(b).

> We read the language of statutes pursuant to the codified rules of statutory construction, which provide that '[w]ords and phrases shall be taken in their plain, or ordinary and usual, sense.' Ind.Code Sec. 1–1–4–1(1) (1998). As the trial court noted, "[t]he plain and ordinary meaning of the word 'on' in the statute's phrase 'on filing the petition' is taken to mean 'at the time of' filing the petition." ... To comply with the statute, a petitioner must file, with the clerk, notices to adverse parties contemporaneously to the filing of the writ petition. Because "strict compliance with the requirements of the statute governing appeals from decisions of boards of zoning appeals is necessary for the trial court to obtain jurisdiction over such cases," ... (Emphasis Added) (Case Citations Omitted) (Citations to Record Omitted)

9. The [Nevins] are adverse parties to this proceeding.

10. The [Nevins] were not timely provided with any form of notice that Hoagland was seeking review of the decision made by the BZA on December 20, 2005.

11. To grant Hoagland the relief he has requested would require the Court to nullify the clear statutory

language regarding notice to adverse parties as set forth at Ind.Code 36–7–4–1005. A trial court quite simply does not gain jurisdiction over a Petition Seeking Review of an action taken by the BZA until the petitioner serves notice of the Petition upon all adverse parties as required by Ind. Code 36–7–4–1005. *See, Citizens v. Brazil Bd. Of Zoning Appeals,* 565 N.E.2d 380 (Ind.App.1991).

**IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED** as follows:

1. Hoagland's Motion to Amend Verified Petition for Judicial Review is denied.

2. BZA's Motion to Dismiss for Lack of Jurisdiction is granted.

Appellants' Appendix at 135–138.

The Hoaglands then filed a motion to correct error. The Hoaglands contended "that a final reviewable decision ha[d] not yet been made by the BZA sufficient to trigger the running of the thirty (30) day rule within which time an aggrieved person must file his Petition for Writ of Certiorari with the trial court. The reason being the BZA has not performed its statutory duties pursuant to Ind.Code 36–7–4–915 and Ind.Code 36–7–4–919(f)." *Id.* at 5. Relying upon *Biggs v. Board of Zoning Appeals,* 448 N.E.2d 693 (Ind.Ct.App. 1983), the trial court entered findings of fact and conclusions thereon in which it found that the "failure of the BZA to make written Findings of Fact does not toll the running of the thirty (30) days within which it is necessary for an aggrieved person to file a Writ of Certiorari in order to properly invoke the jurisdiction of the trial court when seeking judicial review." *Id.* at 7. Consequently, the trial court denied the Hoaglands' motion to correct error.

■■■ On appeal, the issue is whether trial court erred by dismissing the Hoaglands' petition for judicial review of a decision by the BZA based upon the Hoaglands' failure to provide the statutorily required notice. The standard of appellate review of rulings on motions to dismiss on jurisdictional grounds depends on whether the trial court resolved disputed facts, and if so, whether the trial court conducted an evidentiary hearing or ruled on a paper record.[2] *Wayne County Property Tax Assessment Bd. of Appeals v. United Ancient Order of Druids–Grove #29,* 847 N.E.2d 924, 926 (Ind.2006). We review de novo a ruling on a motion to dismiss for lack of jurisdiction if the facts are not disputed or, as here, the court rules on a paper record. *Id.*

■■■ The Hoaglands argue that the trial court erred by: (1) determining that it did not have jurisdiction; (2) applying *Biggs* rather than *Holmes v. Bd. of Zoning Appeals,* 634 N.E.2d 522 (Ind.Ct.App. 1994); and (3) finding that the 30–day requirement within which to file a petition for a writ of certiorari and serve the adverse parties was triggered.[3]

---

2. In *United Ancient Order of Druids–Grove,* the Indiana Supreme Court held that such an issue "is properly raised by means of a motion under Rule 12(B)(1) for lack of jurisdiction or 12(B)(6) for failure to state a claim, depending on whether the claimed defect is apparent on the face of the petition." *Wayne County Property Tax Assessment Bd. of Appeals v. United Ancient Order of Druids–Grove #29,* 847 N.E.2d 924, 926 (Ind.2006).

3. The Hoaglands also argue that the trial court should have treated the BZA's motion to dismiss as a motion for summary judgment. However, the Hoaglands did not raise this issue to the trial court. "A party generally waives appellate review of an issue or argument unless the party raised that issue or argument before the trial court." *GKC Indiana Theatres, Inc. v. Elk Retail Investors, LLC.,* 764 N.E.2d 647, 652 (Ind.Ct.App.2002).

Decisions by boards of zoning appeals are subject to court review by certiorari. Ind.Code § 36–7–4–1003(a). A person "aggrieved by a decision of a board of zoning appeals ... may present to the circuit or superior court in the county in which the premises are located a verified petition setting forth that the decision is illegal in whole or in part and specifying the grounds of the illegality." I.C. § 36–7–4–1003(a). The petition must be presented to the court within 30 days of the board's decision. I.C. § 36–7–4–1003(b) & (c). Moreover, the petitioner must give notice of the petition as follows:

\* \* \* \* \*

(1) If the petitioner is the applicant or petitioner for the use, special exception, or variance, the petitioner shall have a notice served by the sheriff of the county on each adverse party as shown by the record of the case in the office of the board of zoning appeals.

(2) If the petitioner is not the applicant for the use, special exception, or variance and is a person aggrieved by the decision of a board of zoning appeals as set forth in section 1003 of this chapter, the petitioner shall have a notice served by the sheriff of the county on:

(A) each applicant or petitioner for the use, special exception, or variance; and

(B) each owner of the property that is the subject of the application or petition for the use, special exception, or variance.

The service of the notice by the sheriff on the chairman or secretary of the board of zoning appeals constitutes notice of the filing of the petition to the board of zoning appeals, to the municipality or county, and to any mu-nicipal or county official or board charged with the enforcement of the zoning ordinance. No other summons or notice is necessary when filing a petition.

(b) An adverse party under this section is any property owner whose interests are opposed to the petitioner for the writ of certiorari and who appeared at the hearing before the board of zoning appeals either in person or by a written remonstrance or other document that is part of the hearing record. If the petitioner was an unsuccessful appellant in the administrative appeal, or an unsuccessful petitioner or applicant for a variance, special exception, or special or conditional use, and the record shows a written remonstrance or other document opposing the interest of the petitioner that contains more than three (3) names, the petitioner shall have notice served on the three (3) property owners whose names appear first on the remonstrance or document. Notice to the other persons named is not required.

(c) Notice given under subsection (a) must state:

(1) that a petition for a writ of certiorari, asking for a review of the decision of the board of zoning appeals, has been filed in the court;

(2) the premises affected; and

(3) the date of the decision.

(d) An adverse party who is entitled to notice of a petition for writ of certiorari under subsection (a) is not required to be named as a party to the petition for writ of certiorari.

Ind.Code § 36–7–4–1005.

■ The Indiana Supreme Court has held that "[t]he court does not gain juris-

Consequently, the Hoaglands waived this ar-gument.

diction over the petition until the petitioner serves notice upon all adverse parties" as required by Ind.Code § 36–7–4–1005. *Bagnall v. Town of Beverly Shores*, 726 N.E.2d 782, 785 (Ind.2000). In *Bagnall*, the court noted: "To comply with the statute, a petitioner must file, with the clerk, notices to adverse parties contemporaneously to the filing of the writ petition." *Id.* "[S]trict compliance with the requirements of the statute governing appeals from decisions of boards of zoning appeals is necessary for the trial court to obtain jurisdiction over such cases."[4] *Id.*

■■ Here, the BZA held a hearing on the Hoagland's appeal on December 20, 2005. The Hoaglands filed their "Verified Petition for Judicial Review" on January 19, 2006. The Hoaglands do not dispute that they did not serve the Nevins at that time. Further, the Hoaglands did not argue to the trial court and did not argue in their appellant's brief that notice to the Nevins was not required under Ind.Code § 36–7–4–1005.[5] After the BZA filed a motion to dismiss, on February 8, 2006, the Hoaglands filed a motion to amend their petition for judicial review and an "Amended Verified Petition and Request for Writ of Certiorari." Appellants' Appendix at 114, 117. The CCS indicates that the petition for writ of certiorari was served on the Nevins on February 13, 2006.

■ If the BZA's decision was issued on December 20, 2005, pursuant to *Bagnall*, the Hoaglands were required to file a petition for writ of certiorari and serve notice of the petition upon the Nevins within thirty days. However, notice was not served upon the Nevins until February 13, 2006. The Hoaglands attempt to argue

---

4. We note that the Indiana Supreme Court clarified jurisdiction concepts in *K.S. v. State*, 849 N.E.2d 538 (Ind.2006). The court held:

> Like the rest of the nation's courts, Indiana trial courts possess two kinds of "jurisdiction." Subject matter jurisdiction is the power to hear and determine cases of the general class to which any particular proceeding belongs. Personal jurisdiction requires that appropriate process be effected over the parties.
> Where these two exist, a court's decision may be set aside for legal error only through direct appeal and not through collateral attack. Other phrases recently common to Indiana practice, like "jurisdiction over a particular case," confuse actual jurisdiction with legal error, and we will be better off ceasing such characterizations.

849 N.E.2d at 540. The notice requirements in Ind.Code § 36–7–4–1005 implicate what courts have previously called "jurisdiction over a particular case" rather than subject matter or personal jurisdiction. *See, e.g., Packard v. Shoopman*, 852 N.E.2d 927 (Ind. 2006) (holding that statutory deadlines for filing a petition for judicial review in the Tax Court referred to what was previously known as "jurisdiction over a particular case");

*United Ancient Order of Druids–Grove # 29*, 847 N.E.2d at 926 ("The timing of filing the agency record implicates neither the subject matter jurisdiction of the Tax Court nor personal jurisdiction over the parties. Rather, it is jurisdictional only in the sense that it is a statutory prerequisite to the docketing of an appeal in the Tax Court."). Consequently, although the court in *Bagnall* referred to this concept as jurisdiction over the case, we will not do so.

5. The Hoaglands argue for the first time in their reply brief that notice to the Nevins was not required under Ind.Code § 36–7–4–1005. The Hoaglands did not make this argument to the trial court and did not raise the issue in their appellants' brief. "A party generally waives appellate review of an issue or argument unless the party raised that issue or argument before the trial court." *GKC Indiana Theatres, Inc.*, 764 N.E.2d at 652. Moreover, "[t]he law is well settled that grounds for error may only be framed in an appellant's initial brief and if addressed for the first time in the reply brief, they are waived." *Monroe Guar. Ins. Co. v. Magwerks Corp.*, 829 N.E.2d 968, 977 (Ind.2005). Consequently, the Hoaglands waived this issue.

that the BZA's decision was not issued on December 20, 2005, because the BZA failed to issue written findings of fact as required by Ind.Code § 36-7-4-1003. However, this same argument was addressed in *Biggs v. Bd. of Zoning Appeals of City of Wabash,* 448 N.E.2d 693 (Ind.Ct. App.1983). There, the petitioner's request for a variance was denied at a meeting on September 17, 1981. 448 N.E.2d at 694. The minutes of the September meeting were approved by the Board at their October 15, 1981, meeting. *Id.* The petitioner filed a petition for writ of certiorari on November 13, 1981. Id. The trial court then dismissed the petition because the petitioner failed to file the petition within thirty days of the Board's decision. *Id.* This court held that the date of the Board's decision was September 17, 1981, even though written findings of fact were not issued on that date. *Id.* Thus, the November 13th petition was not timely, and "[f]ailure to comply with the statute is fatal." *Id.*

Even though the BZA in this case did not issue written findings of fact, the Hoaglands were aware of the BZA's December 20, 2005, decision. *See* Appellants' Appendix at 11–25 (Hoagland's Petition for Judicial Review, which alleges that the BZA rendered a "final decision" on December 20, 2005). As a result, under *Biggs,* the Hoaglands were required to file a petition for writ of certiorari and serve the required notices within thirty days of the BZA's December 20, 2005, decision, and they failed to do so.[6] Their failure to comply with the statute is fatal, and the trial court did not err by dismissing the Hoaglands' petition.[7] *See, e.g., Bagnall,* 726 N.E.2d at 785 (holding that the petitioners did not "secure jurisdiction" where they failed to serve notice of the petition upon adverse parties); *Town of Cedar Lake Bd. of Zoning Appeals v. Vellegas,* 853 N.E.2d 123, 126–127 (Ind.Ct.App.2006) (holding that the trial court did not have jurisdiction to consider a petition for writ of certiorari where the petitioner failed to serve notice upon an adverse party).

6. The Hoaglands argue that the trial court should have relied upon *Holmes v. Bd. of Zoning Appeals,* 634 N.E.2d 522 (Ind.Ct.App. 1994), rather than *Biggs.* In *Holmes,* the BZA failed to make written findings, and this court held that "[t]he proper procedure by the trial court is to remand to the BZA for specific findings of fact." 634 N.E.2d at 525. However, in *Holmes,* there was no dispute regarding the timeliness of the petitioner's petition for writ of certiorari or notice to adverse parties. Here, the trial court could not remand to the BZA for findings because the Hoaglands failed to meet the statutory requirements regarding the notice to adverse parties.

7. The Hoaglands also argue that the trial court had "jurisdiction" because at least one of the issues presented fell within the trial court's "jurisdiction." Appellants' Brief at 15–16 (relying upon *M.C. Welding & Machining Co., Inc. v. Kotwa,* 845 N.E.2d 188 (Ind. Ct.App.2006), and *Austin Lakes Joint Venture*

*v. Avon Util., Inc.,* 648 N.E.2d 641, 644 (Ind. 1995)). Each of the allegations were presented as part of the Hoaglands' request for judicial review of the BZA's action. The Hoaglands presented no separate issue against the BZA for the trial court's review. In fact, the relief requested in the petition related only to the BZA's denial of the Hoaglands' appeal. We conclude that the Hoaglands presented no separate issues for the trial court's review, and the Hoaglands' failure to follow the statutory notice requirements was fatal to their claims. *See, e.g., Johnson Oil Co., Inc. v. Area Plan Comm'n of Evansville and Vanderburgh County,* 715 N.E.2d 1011, 1013–1014 (Ind.Ct. App.1999) (rejecting the petitioner's argument that the trial court had jurisdiction over its civil rights claims, inverse condemnation claim, and estoppel claim and that the trial court erred by dismissing its complaint "based upon [the court's] [apparent] belief that Johnson Oil had failed to exhaust its administrative remedies").

For the foregoing reasons, we affirm the trial court's dismissal of the Hoaglands' petition for judicial review.

Affirmed.

MAY, J., and BAILEY, J., concur.