

IN THE

# Court of Appeals of Indiana



FILED

Sep 09 2025, 8:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

Bradley Burgess,

*Appellant-Petitioner*

v.

The Board of Zoning Appeals for the Town of Utica, Indiana,

*Appellee-Respondent*

---

September 9, 2025

Court of Appeals Case No.
24A-PL-1819

Appeal from the Clark Superior Court

The Honorable Kyle P. Williams, Judge

Trial Court Cause No.
10D06-2208-PL-89

---

**Opinion by Judge Pyle**
Judges Weissmann and Felix concur.

**Pyle, Judge.**

## Statement of the Case

Bradley Burgess ("Burgess") appeals the trial court's order denying his petition for judicial review. The trial court's order affirmed the decision of the Board of Zoning Appeals for the town of Utica ("the BZA") that denied him a variance of use for his real estate. Burgess argues that the trial court erred when it found that: (1) the BZA's decision is supported by substantial evidence; and (2) the BZA's decision did not violate the Religious Land Use and Institutionalized Persons Act ("the RLUIPA"). But, because we find that Burgess did not timely petition for judicial review of the BZA's decision and that the trial court erred when it found and concluded that he had timely filed his petition, we dismiss his appeal.

We dismiss.

## Issue

> Whether Burgess timely petitioned for judicial review of the BZA's decision.

## Facts

In 2016, the town of Utica annexed the Utica Ridge area. Utica also established a tax increment financing allocation area ("the TIF"). Utica planned on using the TIF to "set[] aside new tax revenue from certain development types to underwrite the cost of public facilities and infrastructure needed for and by development." (App. Vol. 2 at 40). Also in 2016, the East

End Bridge and the Highway 265 interchange near Old Salem Road were completed. In 2019, the town of Utica approved the Utica Ridge Master Plan ("the master plan") and incorporated it into the Utica comprehensive plan.

[4] In May 2020, Burgess purchased a parcel of real estate on Old Salem Road ("the real estate"). The real estate was roughly two acres in size and was located near the interchange with Highway 265 and Old Salem Road. The real estate was also located in the Utica Special Development Corridor Zone, in the TIF, and in the Commercial Gateway area of the master plan. The area in which the real estate sits was zoned for mixed use residential and retail. According to the master plan, the use for the geographic area in which the real estate sits included: (1) general and professional office spaces; (2) small medical offices; (3) food services and restaurants; (4) general retail services; (5) entertainment venues; and (6) boutique hotels.

[5] In March 2022, Burgess filed his variance of use application ("the application") with the BZA. The application requested the BZA to allow a use variance for Burgess to construct an 11,000 square foot church with a 400 square foot covered drive-through on the real estate. The application further provided that Burgess, who is the pastor of a church currently based in Louisville, Kentucky, wanted to relocate his church to Utica.

[6] In April 2022, Burgess met with the Technical Review Committee of the BZA and was made aware that the real estate was part of the TIF. In preparation for

the May 2022 BZA meeting in which the application would be discussed, the town planner ("the town planner") prepared a report for the BZA to review.

[7] On May 3, 2022, the BZA held a meeting during which the BZA discussed the application and reviewed the town planner's report. Burgess, Burgess' engineer that helped draft the application, the town planner, the town attorney, and the BZA members attended the meeting. At the conclusion of the meeting, the BZA unanimously denied the application. The minutes specifically provided that "[a]fter discussion, Linda Donovan made a motion to deny the variance based upon the 5 criteria not being met. The motion was seconded by Doug Snead. Motion carried unanimously." (App. Vol. 2 at 178). On July 5, 2022, the BZA held a meeting during which it adopted the minutes from the May 3, 2022 meeting and entered its findings of fact on its decision to deny the application.

[8] On August 4, 2022, Burgess filed with the trial court a verified petition for judicial review and complaint for damages. In his complaint, Burgess asserted that his petition for judicial review had been timely. In its answer, the BZA denied Burgess' assertion that his petition had been timely filed.

[9] In January 2024, the trial court held a hearing on Burgess' petition for judicial review. During the hearing, Burgess argued that the findings of fact adopted by the BZA at their July 5, 2022 meeting was "the decision that is being appealed in this particular instance." (Tr. Vol. 2 at 11).

[10] The BZA's counsel argued that Burgess had not timely filed his petition for judicial review because it had been filed "more than thirty (30) days after the decision of the [BZA]." (Tr. Vol. 2 at 15). The BZA counsel further argued that on May 3, 2022, "there [had been] a motion and there [had been] a vote" and, at that time, "the official action of the [BZA] was a denial of the use variance." (Tr. Vol. 2 at 17). The BZA counsel also argued that the BZA took official action on May 3, 2022 because that decision had been "authorized by a majority of the [BZA]." (Tr. Vol. 2 at 17). Further, the BZA counsel argued that there was "nothing in the statute that says the [BZA] has to have written memorialization of an opinion or of a vote for it to be an official action of the [BZA]." (Tr. Vol. 2 at 18). In response, Burgess argued that "administrative boards live through their minutes" and that the written decision did not exist until the July 5, 2022 BZA meeting. (Tr. Vol. 2 at 20).

[11] In July 2024, the trial court issued an order denying Burgess' petition for judicial review and affirming the BZA's decision. In its order, the trial court stated, in relevant part, as follows:

> 10. At its July 5, 202[2] meeting, the BZA adopted the minutes of the May 3, 2022 meeting and adopted the findings of fact applicable to its decision on the application[.]
>
> * * * * *
>
> 11. The Minutes and the Findings constitute the BZA's written decision.

12. Burgess filed the instant Verified Petition for Judicial Review and Complaint for Damages on August 4, 2022. Burgess now seeks judgment on the administrative record.

CONCLUSIONS OF LAW

* * * * *

15. Pursuant to Ind. Code § 36-7-4-1605, the Verified Petition was filed within thirty (30) days after the date the BZA rendered and memorialized its decision on the Burgess's variance request on July 5, 2022.

(App. Vol. 2 at 5-7).

[12] Burgess now appeals.

# Decision

[13] Burgess argues that the trial court erred when it affirmed the BZA's decision denying the application. INDIANA CODE § 36-7-4-1614(d), the statute that sets forth the standard of review for a reviewing court in the context of a zoning board decision, provides that a reviewing court:

> shall grant relief . . . only if the court determines that a person seeking judicial relief has been prejudiced by a zoning decision that is:
>
> > (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> >
> > (2) contrary to constitutional right, power, privilege, or immunity;
> >
> > (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

(4) without observance of procedure required by law; or

(5) unsupported by substantial evidence.

"'[W]hen, as here, the trial court enters specific findings of fact and conclusions of law, we determine first whether the evidence supports the findings and second, whether the findings support the judgment.'" *Edward Rose of Indiana, LLC v. Metro. Bd. of Zoning Appeals, Div. II, Indianapolis-Marion Cty.*, 907 N.E.2d 598, 602 (Ind. Ct. App. 2009) (quoting *Green v. Hancock Cty. Bd. of Zoning Appeals*, 851 N.E.2d 962, 965 (Ind. Ct. App. 2006) (cleaned up), *trans. denied*.

[14] As we review the trial court's specific findings of fact and conclusions of law, we must first address the dispositive issue of whether the trial court correctly found that Burgess had properly complied with INDIANA CODE § 36-7-4-1600 et seq. ("the 1600 series"). The 1600 series provides the procedures that a party must comply with to seek judicial review of a BZA decision. The interpretation of ordinances and statutes is a question of law that we review de novo. *Noblesville, Indiana Bd. of Zoning Appeals v. FMG Indianapolis, LLC*, 217 N.E.3d 510, 514 (Ind. 2023).

[15] INDIANA CODE § 36-7-4-1602(b) provides that:

[o]nly a person who qualifies under:

(1) section 1603 of this chapter concerning standing;

(2) section 1604 of this chapter concerning exhaustion of administrative remedies;

(3) section 1605 of this chapter concerning the time for filing a petition for review; and

> (4) section 1613 of this chapter concerning the time for filing the board record for review;
>
> is entitled to judicial review of a final zoning decision.

INDIANA CODE § 36-7-4-1605 provides that a "petition for review is timely only if the petition for review is filed not later than thirty (30) days after the *date of the zoning decision* that is the subject of the petition for judicial review." (emphasis added).

[16] Burgess argued before the trial court that his petition for judicial review was timely because it had been filed within thirty days of the BZA's July 5, 2022 meeting during which it had entered findings of fact on the application. The BZA, on the other hand, argued that Burgess' petition for judicial review was not timely because the BZA made its final decision at the May 3, 2022 meeting. We agree with the BZA.

[17] We find the case *Town of Darmstadt v. CWK Investments-Hillsdale, LLC*, 114 N.E.3d 11 (Ind. Ct. App. 2018), *trans. denied*, to be instructive. In *Darmstadt*, CWK Investments filed with the town a permit to construct multiple apartment buildings. A review committee denied the permit, and CWK Investments appealed to the board of zoning appeals. At a June 15 meeting, that board of zoning appeals voted to reverse the committee's decision and to grant the permit.

[18] In response, the town filed two petitions for judicial review. The town filed its first petition on July 11. On August 17, the board of zoning appeals issued its

findings of fact on its decision. On September 5, the town filed its second petition challenging the decision. CWK Investments filed motions to dismiss both petitions, arguing that the first petition should be dismissed because the town had not filed the record with the trial court within thirty days and arguing that the second petition should be dismissed because it had not been filed within thirty days of the June 15 decision of the board of zoning appeals. In response, the town argued that it had filed its second petition within thirty days of the board of zoning appeals' findings of fact. The trial court dismissed both petitions and found that the second petition was not timely because the board of zoning appeals had made its decision on June 15.

[19] On appeal, our Court held that "a board of zoning appeals makes its decision at the conclusion of the hearing on the matter. The findings of fact, while essential to judicial review, are not a separate, appealable decision of the board." *Darmstadt*, 114 N.E.3d at 17. In support of its holding, our Court cited to INDIANA CODE § 36-7-4-919(e), which provided, in relevant part, that a board of zoning appeals "shall make a *decision* on any matter that it is required to hear under the 900 series . . . at the conclusion of the hearing on that matter[.]"[1] *Id.* at 14 (emphasis added by *Darmstadt*). Additionally, our Court reviewed the language of INDIANA CODE § 36-7-4-1605, which provides that a "petition for review is timely only if the petition for review is filed not later than thirty (30) days after the *date of the zoning decision* that is the subject of the

---

[1] The language of INDIANA CODE § 36-7-4-919(e) has not changed since our holding in *Darmstadt*.

petition for judicial review." *Id.* (emphasis added). We pointed out that "there is nothing in [INDIANA CODE § 36-7-4-1605] that says that a petition is timely only if filed within thirty days from the date the board enters its findings of fact" and that "[h]ad the legislature intended for the findings of fact to constitute a decision of the board of zoning appeals that triggers judicial review, it could have included language in Section 36-7-4-1605 to that effect." *Id.* Our Court concluded that, based on the language of the relevant statutes, it was "clear that the legislature intended for a petitioner to petition for judicial review based on the decision that the board made at the hearing, not based on its findings of fact." *Id.* at 16.

[20] Furthermore, our Court also found instructive, as we do now, the cases of *Biggs v. Bd. of Zoning Appeals of City of Wabash*, 448 N.E.2d 693 (Ind. Ct. App. 1983) and *Hoagland v. Town of Clear Lake Bd. of Zoning Appeals*, 871 N.E.2d 376 (Ind. Ct. App. 2007).[2] In *Biggs*, the issue was whether a board of zoning appeals made its decision at the hearing during which it voted to deny Biggs' variance or when the board of zoning appeals approved its minutes from the meeting. Our Court held that the board's decision was made at the hearing because minutes "are not the event, but a record of the transpired event." *Biggs*, 448 N.E.2d at 694. Our Court held that because Biggs had not filed the petition for

---

[2] Both *Biggs* and *Hoagland* were decided prior to the current statutory provision requiring the board of zoning appeals to file a copy of its decision in the board of zoning appeals' office within five days of making a decision. *See* I.C. § 36-7-4-919(f).

writ of certiorari[3] within thirty days of the board of zoning appeals' decision at the hearing, the trial court correctly dismissed his petition. *Id.*

[21] Further, in *Hoagland*, the board of zoning appeals held a hearing and made a decision on the Hoaglands' petition on December 20, 2005. The Hoaglands filed a petition for judicial review on January 19, 2006, however, the Hoaglands did not served all the parties in the case. Ultimately, the trial court dismissed the Hoagland's petition. On appeal, the Hoaglands argued that the decision of the board of zoning appeals had not been on December 20, 2005 because the board of zoning appeals did not issue findings of fact. *Hoagland*, 871 N.E.2d at 382-83. The *Hoagland* Court recognized that the Hoaglands were making the same arguments as the appellants in *Biggs* and noted that "the Hoaglands were aware of the BZA's December 20, 2005 decision." *Id.* at 383. The *Hoagland* Court concluded that, like in *Biggs*, the Hoaglands "were required to file a petition for [judicial review] and serve the required notices within thirty days of the BZA's December 20, 2005, decision and failed to do so." *Id.* The *Hoagland* Court held that the Hoaglands' failure to comply with the statute was fatal and that the trial court did not err when it dismissed their appeal. *Id.*

[22] Here, the BZA held a meeting on the application on May 3, 2022. At the conclusion of that meeting, the BZA voted to deny the application. Thus, pursuant to our case law and INDIANA CODE § 36-7-4-1605, Burgess was

---

[3] Prior to 2011, a petitioner filed for judicial review of a board of zoning appeals' decision by filing a petition for writ of certiorari. *See* I.C. § 36-7-4-1003 (2010).

required to file his petition for judicial review within thirty days of May 3, 2022. Instead, Burgess filed his petition for judicial review on August 4, 2022. Therefore, the trial court clearly erred when it found that Burgess had timely filed his petition for judicial review.

[23] Because Burgess did not timely file his petition for judicial review and the trial court clearly erred when it found that he had timely filed his petition for judicial review, we hold that Burgess is not entitled to judicial review under the 1600 series and dismiss Burgess' appeal. *See, e.g.*, *Darmstadt*, 114 N.E.3d at 17 (holding that "a board of zoning appeals makes its decision at the conclusion of the hearing on the matter" and that the "findings of fact, while essential to judicial review, are not a separate, appealable decision of the board.").

[24] Dismissed.

Weissmann, J., and Felix, J., concur.

ATTORNEY FOR APPELLANT

John A. Kraft
Young, Lind, Endres & Kraft
New Albany, Indiana

ATTORNEY FOR APPELLEE

Rebecca L. Lockard
Jeffersonville, Indiana