

FILED

Mar 30 2017, 5:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher L. King
Lorch Naville Ward, LLC
New Albany, Indiana

ATTORNEY FOR APPELLEE

Leslie D. Merkley
Corporation Counsel for the City
of Jeffersonville, Indiana
Jeffersonville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Riverside Meadows I, LLC,

*Appellant-Petitioner,*

v.

City of Jeffersonville, Indiana
Board of Zoning Appeals,

*Appellee-Respondent.*

March 30, 2017

Court of Appeals Case No.
10A05-1608-PL-1828

Appeal from the Clark Circuit
Court

The Honorable Vicki L.
Carmichael, Judge

Trial Court Cause No.
10C04-1412-PL-144

**Mathias, Judge.**

[1] Riverside Meadows I, LLC ("Riverside") appeals the order of the Clark Circuit
Court denying Riverside's petition for judicial review of the decision of the City
of Jeffersonville's Board of Zoning Appeals ("the BZA"). Riverside presents
two issues, which we consolidate and restate as whether the trial court erred by

concluding that the findings of fact entered by the BZA were sufficient to permit judicial review.

We reverse and remand.

## Facts and Procedural History

Riverside owns a building located on East Chestnut Street in Jeffersonville, Indiana ("the Property"). Riverside is owned by Fouzia Shahnawaz ("Shahnawaz"), and the Property is managed by her husband, Shawn Zamir ("Zamir"). The Property was constructed in the 1920s as a convent and has fourteen bedrooms plus some common areas.

At the time relevant to this appeal, Riverside had rented out the rooms in this building to eleven adults, ranging in age from forty-eight to eighty-four. In addition, Riverside provided meals, laundry service, and light housekeeping for the residents. The Property, however, is zoned as M-1 (low density multifamily residential), and the City of Jeffersonville ("the City") notified Riverside that its use of the Property was in violation of the City's zoning ordinances.

Accordingly, Riverside filed an application for a use variance with the BZA, seeking to operate the Property as a "rooming house."[1] At a meeting held on October 28, 2014, the BZA considered Riverside's request for a variance. The BZA heard evidence from proponents and opponents of the variance. At the

---

[1] In 2013, Zamir sought on behalf of another entity, Springhurst Investments, LLC, to rezone the Property to allow for the operation of an assisted living facility. The City denied this rezoning request.

conclusion of the hearing, the BZA members took a vote and denied Riverside's request for a variance.

[6] According to the official minutes of the meeting, the BZA determined that:

> 1. The variance of use will *not* be injurious to the public health, safety, moral and general welfare of the community;
>
> 2. The use and value of the area adjacent to the property will *not* be adversely affected;
>
> 3. The need for a use variance *does* result from conditions unusual or peculiar to the subject property itself;
>
> 4. The strict application of the terms of the Jeffersonville Zoning Ordinance *would* result in an unnecessary hardship in the use of the property; and
>
> 5. The approval of the variance does *not* contradict the goals and objectives of the Comprehensive Plan.

Ex. Vol., Respondent's Ex. A, p. 6 (emphases added). However, the transcript of the meeting indicates that the BZA members actually disagreed with the above-mentioned statements. *Id.*, Petitioner's Ex. 2, pp. 10-12.

[7] The BZA also issued a document entitled "Findings of Fact of Jeffersonville Board of Zoning Appeals," which is a preprinted document filled in with relevant information and which provides in relevant part as follows:

> The Board of Zoning Appeals of the City of Jeffersonville, Indiana, having heard the application for variance described above, and all opposition from parties claiming to be adversely affected thereby, does now enter the following findings:

1. The variance of use will not be injurious to the public health, safety, moral, and general welfare of the community.

| [BZA] Members: | M.M[2] | M.P.B. | R.F. | M.C. | J.R. |
|---|---|---|---|---|---|
| Voting Agree | | | | | |
| Voting Disagree | ✓ | ✓ | ✓ | ✓ | ✓ |

2. The use and value of the area adjacent to the property will not be adversely affected.

| [BZA] Members: | M.M | M.P.B. | R.F. | M.C. | J.R. |
|---|---|---|---|---|---|
| Voting Agree | | | | | |
| Voting Disagree | ✓ | ✓ | ✓ | ✓ | ✓ |

3. The need for the use variance does result from conditions unusual or peculiar to the property itself.

| [BZA] Members: | M.M | M.P.B. | R.F. | M.C. | J.R. |
|---|---|---|---|---|---|
| Voting Agree | | | | | |
| Voting Disagree | ✓ | ✓ | ✓ | ✓ | ✓ |

4. The strict application of the terms of the Jeffersonville Zoning Ordinance would result in an unnecessary hardship in the use of the property.

| [BZA] Members: | M.M | M.P.B.[3] | R.F. | M.C. | J.R. |
|---|---|---|---|---|---|
| Voting Agree | | ✓ | | | |
| Voting Disagree | ✓ | ✓ | ✓ | ✓ | ✓ |

---

[2] To conserve space, we have used initials to replace the names of Board members Mike McCutcheon, Mary Pat Boone, Rita Fleming, Marty Chalfant, and Rosh Rodriguez.

[3] The form contains marks on both the "Agree" and "Disagree" lines for BZA member Boone's votes on questions 4 and 5.

5.  The approval of the variance would not contradict the goals and objectives of the Comprehensive Plan.

| [BZA] Members: | M.M | M.P.B. | R.F. | M.C. | J.R. |
|---|---|---|---|---|---|
| Voting Agree | | ✓ | | | |
| Voting Disagree | ✓ | ✓ | ✓ | ✓ | ✓ |

These findings are supported by the evidence and/or testimony including the following as more specifically included in the minutes:

_____
_____
_____
_____

Based on the findings described above, the Board does now approve/(deny) this application.  So ordered this 28th day of October,  2014.

If approved, this use variance applies to the subject parcel until such time as (a) the use variance ends, is vacated, or unused for three (3) months consecutively, (b) the property conforms with the applicable Zoning Ordinance as written, or (c) ownership of the property changes.  The approval of this application is subject to the following reasonable conditions being met and maintained by the petitioner and all future entities responsible for the conditions of the property.

1.  _____
2.  _____
3.  _____
4.  _____
5.  _____


Jeffersonville Board of Zoning Appeals

By_____[signed]_____          Attest_____[signed]_____
    Chairperson                                      Secretary

*Id.*, Petitioner's Ex. 1, pp. 2-3.

[8] Any question regarding the decision of the BZA was clarified on October 29, 2014, when the BZA notified Riverside by letter that its request for a use variance had been denied. Riverside then filed a petition for judicial review of the BZA's decision on December 1, 2014. The trial court held an evidentiary hearing on the petition on January 21, 2016. On April 25, 2016, the trial court entered findings of fact and conclusions of law, denying Riverside's petition and affirming the decision of the BZA. Riverside filed a motion to correct error on May 23, 2016, claiming that the trial court erred in concluding that the BZA's findings were sufficient. The BZA filed a response on July 7, 2016, and the trial court denied the motion to correct error on July 15, 2016.[4] Riverside now appeals.

## Discussion and Decision

[9] Riverside claims that the findings of fact entered by the BZA are merely recitations of the relevant statutory language and therefore insufficient.

---

[4] Contemporaneous with its motion to correct error, Riverside moved the court to set a hearing on its motion to correct error. The trial court did not set the motion for a hearing, but on May 31, 2016, set the matter for a pretrial conference to be held on June 24, 2016. At this pretrial conference, the trial court ordered the BZA to file a response within fifteen days of the hearing, with the additional provision that "Court's time for ruling begins once response is filed." Appellant's App. p. 9. On appeal, the BZA makes no argument that Riverside's motion was deemed denied under Indiana Trial Rule 53.3 or that Riverside's appeal is untimely. Our supreme court has held that the timeliness of a notice of appeal does not implicate this court's appellate jurisdiction. *See In re Adoption of O.R.*, 16 N.E.3d 965, 971 (Ind. 2014) ("[A]lthough a party forfeits its right to appeal based on an untimely filing of the Notice of Appeal, this untimely filing is not a jurisdictional defect depriving the appellate courts of authority to entertain the appeal."). Accordingly, we decline to address this issue *sua sponte*.

Riverside argues that the trial court erred in denying its petition for judicial review by concluding otherwise. When we review the BZA's action, we apply the same standard as the trial court. *Burcham v. Metro. Bd. of Zoning Appeals Div. I of Marion Cty.*, 883 N.E.2d 204, 213 (Ind. Ct. App. 2008). That is, we may not reverse the BZA's decision unless an error of law is demonstrated. *Id.* Neither may we substitute our judgment for that of the BZA unless the appellant demonstrates illegality in the BZA's action. *Id.* We may not try the facts *de novo* or substitute our judgment for that of the BZA, nor may we reweigh the evidence or reassess the credibility of the witnesses. *Id.* Instead, we must accept the facts as found by the BZA. *Id.* However, we conduct a *de novo* review of any questions of law decided by BZA. *Id.*

[10] In the present case, Riverside sought a use variance from the zoning ordinance. The statute governing use variances provides:

> A board of zoning appeals shall approve or deny variances of use from the terms of the zoning ordinance. The board may impose reasonable conditions as a part of its approval. A variance may be approved under this section only upon *a determination in writing* that:
>
>> (1) the approval will not be injurious to the public health, safety, morals, and general welfare of the community;
>>
>> (2) the use and value of the area adjacent to the property included in the variance will not be affected in a substantially adverse manner;
>>
>> (3) the need for the variance arises from some condition peculiar to the property involved;

(4) the strict application of the terms of the zoning ordinance will constitute an unnecessary hardship if applied to the property for which the variance is sought; and

(5) the approval does not interfere substantially with the comprehensive plan adopted under the 500 series of this chapter.

Ind. Code § 36-7-4-918.4 (emphasis added).

[11] The relevant ordinance of the City mirrors these requirements and provides:

C. BZA approval of Use Variances

a. The Board may grant a variance from use if, after a public hearing, it makes findings of facts in writing, that:

1. the approval will not be injurious to the public health, safety, morals, and general welfare of the community; and

2. the use and value of the adjacent areas to the subject property are not adversely affected; and

3. the need for a variance stems from a condition unusual or peculiar to the subject property itself; and

4. the strict application of the terms of this Ordinance will results in an unnecessary hardship if they were applied to the subject property; and

5. the approval of the variance does not contradict the goals and objectives of the Comprehensive Plan.

Jeffersonville, Ind., Ordinance 12.3(C), available at: https://cityofjeff.net/wp-content/uploads/2012/03/images_Jeffersonville_Zoning_Ordinance_-_Updated_Signs.pdf.

When making a decision on such matters, the BZA is required by statute to enter written findings of fact:

> The board of zoning appeals shall keep minutes of its proceedings and record the vote on all actions taken. All minutes and records shall be filed in the office of the board and are public records. *The board shall in all cases heard by it make written findings of fact.*

I.C. § 36-7-4-915 (emphasis added). This statute's use of the word "shall" is mandatory and places a duty on the BZA to enter findings of fact. *See Habig v. Harker*, 447 N.E.2d 1114, 1116 (Ind. Ct. App. 1983).

The BZA argues that the statute simply requires "written findings of fact," not *specific* written findings of fact, and that its bare-bones "findings" satisfy this requirement. In support of its argument, the BZA cites *Long v. Bd. of Zoning Appeals for City of Indianapolis*, 134 Ind. App. 97, 99, 182 N.E.2d 790, 791 (1962), which held that, absent any reference to required findings in the applicable statute, special findings of fact were not required.

However, our supreme court has since held that:

> *For reasons which exist independently of the statute*, the Board is required to set out findings of fact which support those determinations. The major reason for this is to make possible an adequate judicial review of the administrative decision. . . . *These facts should be found specially and not generally. The findings must be specific* enough to enable the court to review intelligently the Commission's decision.

*Carlton v. Bd. of Zoning Appeals of City of Indianapolis*, 252 Ind. 56, 64, 245 N.E.2d 337, 343 (1969) (emphasis added) (citations and internal quotations omitted). This requirement has since been repeated by this court. *See Columbus Bd. of Zoning Appeals v. Wetherald*, 605 N.E.2d 208, 211 (Ind. Ct. App. 1992); *State ex rel. Newton v. Bd. of Sch. Trustees of Metro. Sch. Dist. of Wabash*, 404 N.E.2d 47, 48–49 (Ind. Ct. App. 1980); *Bridge v. Bd. of Zoning Appeals of City of Ft. Wayne*, 180 Ind. App. 149, 152, 387 N.E.2d 99, 101 (1979).

[15]    Indeed, we have held that these written findings are necessary to ensure adequate judicial review of administrative decisions. *Holmes v. Bd. of Zoning Appeals of Jasper Cty.*, 634 N.E.2d 522, 525 (Ind. Ct. App. 1994). Thus, the BZA's findings must be tailored to address the specific facts presented to the Board, and the Board must enter both specific findings of fact and ultimate findings, or determinations. *Wastewater One, LLC v. Floyd Cty. Bd. of Zoning Appeals*, 947 N.E.2d 1040, 1051 (Ind. Ct. App. 2011) (citing *Network Towers, LLC v. Bd. of Zoning Appeals of LaPorte Cnty.*, 770 N.E.2d 837, 844 (Ind. Ct. App. 2002)). Accordingly, if the BZA's findings are merely a general replication of the requirements of the ordinance at issue, they are insufficient to support the BZA's decision. *Id*. (citing *Metro. Bd. of Zoning Appeals, Div. II, Marion Cty. v. Gunn*, 477 N.E.2d 289, 300 (Ind. Ct. App. 1985)).

[16]    Here, the BZA's findings of fact are nothing more than a recitation of the statutory language and an indication of how the members of the BZA voted on whether these statutory requirements had been met. In the portion of the form used by the BZA to record its findings, the space left for specific findings was

left blank. Thus, the BZA's "findings" are nothing of the sort required to permit adequate judicial review of the BZA's decisions. *See Carlton*, 252 Ind. at 62-63, 245 N.E.2d 337, 342-43 (holding that board's findings were insufficient where they merely repeated language of relevant statute and rejecting claim that voting forms of the members of the board, which also simply mirrored the language of the relevant statute without specific findings, were "findings" sufficient to permit judicial review); *Wastewater One,* 947 N.E.2d at 1051 (citing *Gunn,* 477 N.E.2d at 300) (noting that findings containing mere repetition of the language of the ordinance are insufficient to permit judicial review).

[17]   The BZA argues that the minutes of the BZA's hearing were "incorporated into the findings of fact and sufficiently support the BZA's written findings." Appellee's Br. p. 7 (citing Ex. Vol., Respondent's Ex. A, p. 167). First, we see no provision in the BZA's "findings" that incorporates the minutes of the BZA's hearing on this matter. Moreover, the "findings" as set forth in the minutes of the BZA again simply mirror the language of the relevant statute and ordinance. *See* Ex. Vol., Respondent's Ex. A., p. 173. The rest of the minutes contain summaries of the testimonies and arguments of the parties for and against Riverside's request. Again, this is insufficient to permit judicial review of the reasons for the BZA's ultimate decision. We therefore conclude that the findings entered by the BZA in the present case are insufficient to permit adequate judicial review of BZA's decisions.

[18]   However, our conclusion that the BZA's findings were insufficient does not entitle Riverside to a new hearing. The proper remedy in the absence of

adequate factual findings is remand to the board to enter findings of fact in support of its conclusion. *Gary Bd. of Zoning Appeals v. Eldridge*, 774 N.E.2d 579, 583 (Ind. Ct. App. 2002). We therefore reverse the judgment of the trial court and remand this case to the BZA with instructions to enter specific findings, within forty-five days of the date this opinion is certified, tailored to address the specific facts presented to the BZA, in support of its decision to deny Riverside's request for a use variance.

[19] Reversed and remanded.

Baker, J., and Pyle, J., concur.