

FILED

Oct 30 2018, 5:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Mark J. Crandley
Barnes & Thornburg LLP
Indianapolis, Indiana

Jason M. Spindler
Spindler Law
Princeton, Indiana

ATTORNEYS FOR APPELLEES –
CWK INVESTMENTS & C.
WAYNE KINNEY

James D. Johnson
Spencer W. Tanner
Jackson Kelly PLLC
Evansville, Indiana

ATTORNEYS FOR APPELLEES –
EVANSVILLE-VANDERBURGH
COUNTY BOARD OF ZONING
APPEALS

Dirck H. Stahl
L. Katherine Boren
Ziemer, Stayman, Weitzel &
Shoulders
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Town of Darmstadt and Bob
Stoops, Town Council President,

*Appellants-Petitioners,*

v.

CWK Investments-Hillsdale,
LLC, C. Wayne Kinney, and the
Evansville-Vanderburgh County
Board of Zoning Appeals,

October 30, 2018

Court of Appeals Case No.
18A-MI-150

Appeal from the Vanderburgh
Superior Court

The Honorable Richard G.
D'Amour, Judge

Trial Court Cause Nos.
82D07-1707-MI-3672
82D07-1709-MI-4656

*Appellees-Respondents.*

**Najam, Judge.**

# Statement of the Case

The Town of Darmstadt and Bob Stoops, as Town Council President, (collectively "the Town") appeal the trial court's dismissal of their petition for judicial review of a decision by the Evansville-Vanderburg County Board of Zoning Appeals ("BZA"). The Town raises one issue for our review, namely, whether the trial court erred as a matter of law when it dismissed the Town's petition as untimely.

We affirm.[1]

# Facts and Procedural History

On December 13, 2016, CWK Investments-Hillsdale, LLC ("CWK")[2] filed an improvement loan permit application with the Town of Darmstadt for construction of four apartment buildings. Thereafter, the Evansville Area Plan Commission Site Review Committee denied CWK's application on February 28, 2017.

---

[1] We held oral argument in this case on October 10, 2018, in Indianapolis. We thank counsel for their excellent advocacy in this matter.

[2] C. Wayne Kinney, a party to this appeal, owns and operates CWK.

[4] CWK appealed the denial of its application to the BZA. The BZA held a hearing on CWK's appeal on June 15, 2017. At the conclusion of the hearing, the BZA voted to reverse the commission's decision and approve CWK's application. On July 11, the Town filed a petition for judicial review of the BZA's June 15th decision in Cause Number 82D07-1707-MI-3672 ("the First Petition"). Thereafter, on August 17, the BZA issued its written findings of fact, which reiterated the Board's decision to approve CWK's application.

[5] On August 21, CWK filed a motion to dismiss the First Petition because the Town had failed to file the BZA's record with the trial court within thirty days from the date the Town had filed its petition for judicial review and because the Town had failed to seek an extension of time to file the record. That same day, the Town filed a request with the BZA to compile the board record. On August 23, the Town filed a motion for extension of time to file the record with the trial court. The Town filed the board record on August 31.

[6] On September 5, the Town filed a second petition for judicial review of the BZA's decision in Cause Number 82D07-1709-MI-4656 ("the Second Petition"). CWK filed a motion to dismiss the Second Petition pursuant to Indiana Trial Rules 12(B)(1) and 12(B)(8). Specifically, CWK asserted that the Second Petition was untimely because the Town had not filed that petition within thirty days from the BZA's June 15 decision. CWK also asserted that the trial court should dismiss the Second Petition because the same matter was already pending under the First Petition's cause number. The Town responded

that it had timely filed the Second Petition because it was filed within thirty days from the date the BZA had issued its written findings of fact.

[7] On January 11, 2018, the trial court held oral argument on both motions to dismiss. Subsequently, the trial court granted both motions. Specifically, the trial court dismissed the First Petition because the Town had neither filed the board record within thirty days from the date it filed the First Petition nor requested an extension of time to file the record. And the court dismissed the Second Petition as untimely. The trial court concluded that, for purposes of Indiana Code Section 36-7-4-919(e), the BZA had made its decision on CWK's application at the meeting on June 15, 2017. Thus, the trial court concluded that the Town had not timely filed its petition for judicial review because it did not file the Second Petition within thirty days from the date the BZA made its decision. This appeal ensued.

## Discussion and Decision

[8] The Town contends that the trial court erred when it dismissed the Second Petition.[3] As our Supreme Court has stated:

> The standard of appellate review for motions to dismiss under Rule 12(B) depends on whether the trial court resolved disputed facts, and if so, whether there was an evidentiary hearing. We review *de novo* a court's ruling on motions to dismiss for failure to timely file necessary agency records where the court ruled on a paper record.

---

[3] The Town does not appeal the trial court's dismissal of the First Petition.

*Teaching Our Posterity Success, Inc. v. Ind. Dep't of Educ.*, 20 N.E.3d 149, 151 (Ind. 2014) (citations omitted). Here, the trial court did not conduct an evidentiary hearing but ruled on CWK's motion to dismiss based on a paper record. Thus, we review the trial court's grant of CWK's motion *de novo*. Further, this appeal presents a question of statutory interpretation. "Matters of statutory interpretation, which inherently present pure questions of law, are reviewed *de novo*." *Paquette v. State*, 101 N.E.3d 234, 237 (Ind. 2018).

[9] The Town contends that the trial court erred when it dismissed the Second Petition as untimely. Specifically, the Town asserts that the BZA made its decision when it issued its findings of fact on August 17. Accordingly, the Town contends that it timely filed the Second Petition on September 5, which was less than thirty days after the BZA issued its findings. But CWK and the BZA counter that the BZA made its decision when it voted to overturn the Evansville Area Plan Commission's denial of CWK's application at the hearing on June 15. As such, CWK and the BZA contend that the Town did not timely file the Second Petition because the Town did not file that petition within thirty days from the date of the hearing. Thus, in order to determine whether the Town timely filed its petition for judicial review, we must determine when the BZA made its decision.

[10] As this court has recently stated, "[t]he primary purpose of statutory interpretation is to ascertain and give effect to the intent of the legislature. The best evidence of legislative intent is the statutory language itself, and we strive to give the words in a statute their plan and ordinary meaning." *21st*

*Amendment, Inc. v. Ind. Alcohol and Tobacco Comm'n*, 84 N.E.3d 691, 696 (Ind. Ct. App. 2017) (citations and quotations marks omitted). We begin our analysis by looking to the plain language of the relevant statute, which, in this case, is Indiana Code Section 36-7-4-919 (2018).

[11]  Indiana Code Section 36-7-4-919(e) provides, in relevant part, that a board of zoning appeals "shall make a *decision* on any matter that it is required to hear under the 900 series . . . at the conclusion of the hearing on that matter[.]" (emphasis added.) That same section also provides that, "[w]ithin five (5) days after making any decision under the 900 series, the board of zoning appeals shall file in the office of the board a copy of *its decision*." Ind. Code § 36-7-4-919(f) (emphasis added). Based on the plain and unambiguous language of the statute, it is clear that a board of zoning appeals is required to make its decision on a matter at the conclusion of the hearing, which decision the board is then required to make a part of the agency's record within five days after having made the decision.

[12]  The Town acknowledges that a board of zoning appeals makes a decision at the hearing. However, the Town asserts that "there is no basis to conclude that the General Assembly intended oral decisions to be the exclusive 'zoning decision' subject to judicial review." Appellant's Br. at 16. In essence, the Town asserts that, while an oral decision made at the hearing is a zoning decision, the written findings of fact are also a zoning decision that triggers judicial review.

[13] To support its contention, the Town relies on Indiana Code Section 36-7-4-915, which states that "[t]he board shall in all cases heard by it make written findings of fact." The Town also relies on Indiana Code Section 36-7-4-1016(a), which provides that "[f]inal decisions of the board of zoning appeals under . . . the 900 series of this chapter . . . are considered zoning decisions for purposes of this chapter[.]" Thus, the Town maintains that, because the General Assembly chose to place the findings requirement in the 900 Series, it placed the requirement for findings of fact "among those BZA actions that trigger a right to judicial review." Appellant's Br. at 13. We cannot agree.

[14] When we interpret a statute, "we are mindful of both what it does say and what it does not say." *ESPN, Inc. v. Univ. of Notre Dame Police Dep't*, 62 N.E.3d 1192, 1195-96 (Ind. 2016) (quotation marks omitted). "We may not add new words to a statute which are not the expressed intent of the legislature." *Ind. Alcohol & Tobacco Comm'n v. Spirited Sales, LLC*, 79 N.E.3d 371, 376 (Ind. 2017). While we agree that Indiana Code Section 36-7-4-1016 provides that any decision under the 900 series is considered a zoning decision, there is nothing to indicate that written findings of fact, even though required by Indiana Code Section 36-7-4-915, constitute a decision of the board separate and distinct from the decision of the board made at the hearing. Indeed, nowhere in that Section does the word "decision" appear.

[15] Further, pursuant to Indiana Code Section 36-7-4-1605, "[a] petition for review is timely only if the petition for review is filed not later than thirty (30) days after the date of the zoning decision that is the subject of the petition for judicial

review." And there is nothing in that Section that says a petition is timely only if filed within thirty days from the date the board enters its findings of fact. Had the legislature intended for the findings of fact to constitute a decision of the board of zoning appeals that triggers judicial review, it could have included language in Section 36-7-4-1605 to that effect. But the legislature did not include that language. And we cannot add words to the statute that are not there. *See Ind. Alcohol & Tobacco Comm'n*, 79 N.E.3d at 376. And, as discussed above, Indiana Code Section 36-7-4-919 states that a board of zoning appeals "shall make" its decision at the hearing.

[16] Additionally, we find this court's decisions in *Biggs v. Board of Zoning Appeals of City of Wabash*, 448 N.E.2d 693 (Ind. Ct. App. 1983), and *Hoagland v. Town of Clear Lake Board of Zoning Appeals*, 871 N.E.2d 376 (Ind. Ct. App. 2007), to be instructive.[4] In *Biggs*, the issue was whether the board of zoning appeals made its decision at the hearing when it voted to deny Biggs' variance request or whether the board made its decision when it approved the minutes from the meeting. *Biggs*, 448 N.E.2d at 694. This court held that the date of the board's decision was the date of the hearing because minutes "are not the event, but a record of the transpired event." *Id*. This court further held that the event,

---

[4] The Town asserts that neither *Biggs* nor *Hoagland* applies because neither case specifically determines whether the "now mandatory entry of findings was a 'zoning decision' that triggered the right to judicial review[.]" Appellant's Br. at 24. We agree that neither case directly addresses the question at issue here, and we acknowledge that the cases are not directly on point. However, we still find both cases to be helpful. We also agree with the trial court that the statutory amendment that now requires a board of zoning appeals to issue findings of fact "does not alter the precedents set by *Biggs* and *Hoagland*[.]" Appellant's App. Vol. II at 17.

which was a decision on a variance request, occurred at the meeting "regardless of when, if ever, it was memorialized." *Id*. As Biggs did not file the petition for writ of certiorari[5] within thirty days from the date the board made its decision at the hearing, the trial court correctly dismissed his petition.

[17] And in *Hoagland*, this court addressed whether the trial court had properly dismissed the Hoaglands' petition for judicial review of a decision of the board of zoning appeals because the Hoaglands had failed to timely serve all adverse parties. *Hoagland*, 871 N.E.2d at 380. In that case, the board of zoning appeals held a hearing on the Hoaglands' petition on December 20, 2005. *Id*. at 382. The Hoaglands then filed their petition for judicial review on January 19, 2006; however, the Hoaglands did not serve the other parties at that time. *Id*. On appeal, the Hoaglands asserted that the BZA's decision was not issued on December 20, 2005, because the BZA had not issued findings of fact. *Id*. at 382-83. Relying on *Biggs*, this court held that, "[e]ven though the BZA in this case did not issue written findings of fact, the Hoaglands were aware of the BZA's December 20, 2005, decision." *Id*. at 383. Thus, this court held that the Hoaglands had thirty days from the date of the BZA's December 20, 2005, decision to file their petition and serve the required notices. *Id.* Because the Hoaglands had failed to do so, the trial court did not err when it dismissed their petition. *Id*.

---

[5] Prior to 2011, a petitioner filed for judicial review of a board of zoning appeals' decision by filing a petition for writ of certiorari. *See* I.C. § 36-7-4-1003 (2010).

[18] Similarly, here, the BZA's decision was made at the meeting on June 15, 2017, although the BZA did not memorialize its decision with its findings of fact until two months after the hearing. *See Biggs*, 448 N.E.2d at 694. And while the BZA did not immediately issue findings of fact, the Town was aware of the BZA's June 15, 2017, decision. *See Hoagland*, 871 N.E.2d at 383. Thus, the entry of findings of fact does not constitute a "decision" of a board of zoning appeals or otherwise trigger judicial review. Rather, the findings of fact are simply an explanation of the board's reasoning for its decision made at the hearing.

[19] We acknowledge the Town's argument that the statute requires a board of zoning appeals to make findings of fact. *See* I.C. § 36-7-4-915. And we agree that those findings of fact are essential for judicial review of the BZA's decision. Indeed, neither the trial court in the first instance or this court on appeal can conduct an adequate review of the BZA's decision without the findings. *See, e.g.*, *Riverside Meadows I, LLC v. City of Jeffersonville, Ind. Bd. of Zoning App.*, 72 N.E.3d 534, 540 (Ind. Ct. App. 2017) ("written findings are necessary to ensure adequate judicial review of administrative decisions."). However, as discussed above, the statute is clear. The General Assembly has required a person to file a petition for judicial review within thirty days from the Board's decision made at the hearing, not within thirty days from the board's entry of findings of fact.

[20] The Town emphasizes that, if we require a petitioner to file a petition for judicial review based only on the oral decision of the board, then we would require the petitioner to take "an appeal based on the scant information

available from an oral decision." Appellant's Br. at 19. We do not disagree. But we must "give effect to the intent of the legislature." *21st Amendment, Inc.* 84 N.E.3d at 696. And, here, it is clear that the legislature intended for a petitioner to petition for judicial review based on the decision that the board made at the hearing, not based on its findings of fact.

[21] Indeed, Indiana Code Section 36-7-4-1607(b) outlines the required contents of a petition for judicial review. And, while that statute requires several items to be included in the petition, it does not require a petitioner to include a copy of the findings of fact.[6] Additionally, Indiana Code Section 36-7-4-1613(a) provides:

> Within thirty (30) days *after* the filing of the petition, or within further time allowed by the court, the petitioner shall transmit to the court the original or a certified copy of the board record for judicial review of the zoning decision consisting of . . . any board documents expressing the decision[.]

(Emphasis added). A board's written findings are merely a document "expressing the decision." Accordingly, the General Assembly anticipated that a petitioner could file for judicial review before a board has entered its findings of fact.

[22] Further, even though a petitioner initially has thirty days after filing the petition for judicial review to file the board record, "[a]n extension of time in which to

---

[6] That statute does, however, require a petitioner to identify the decision at issue and to include a copy, summary, or description of the decision. *See* I.C. § 36-7-4-1607(b)(3). Thus, while a petitioner can include a copy of the decision, if available, the petitioner could also provide a description of the issue if the findings of fact are not yet complete.

file the record *shall* be granted by the court for good cause shown." I.C. § 36-7-4-1613(b) (emphasis added). And the "[i]nability to obtain the record from the responsible board within the time permitted by this section is good cause." *Id*. Thus, the General Assembly anticipated that the board might not complete its findings of fact within thirty days from the date the petitioner files for judicial review. And the legislature has mandated that our trial courts grant any request for an extension of time in order to allow the petitioner to obtain the board's complete record. If the board should fail to timely issue its findings of fact, the trial court may, on its own motion or on the motion of the petitioner, compel the board of zoning appeals to comply with Indiana Code Section 36-7-4-915 and to issue findings of fact.

[23]     When we interpret statutes, "[w]e examine the statute as a whole, reading its sections together so that no part is rendered meaningless if it can be harmonized with the remainder of the statute." *Anderson v. Gaudin*, 42 N.E.3d 82, 85 (Ind. 2015). Reading the relevant statutes together, it is clear that the legislature intended for a petitioner to file for judicial review of a board's decision within thirty days from the date the board made its decision at the hearing. The petitioner then has thirty days to file the record, including the findings of fact, or to request an extension of time. And the trial court must grant the request for more time if the board has not yet completed its findings or compiled its record.

[24]     In sum, we must apply the petition for review statute as it is written. First, there is no provision in the statute for an extension of time within which to file

a petition beyond thirty days after the BZA's decision voted on at the hearing. Second, there is no statutory provision to indicate that the BZA must make findings of fact before the thirty-day period begins to run. Third, there is no requirement in the statute that a petitioner submit findings of fact with the petition; instead, the petition need only include an "identification of the decision at issue, together with a copy, summary, or brief description of the decision." I.C. § 36-7-4-1607(b)(3). And, fourth, the petition for review statute expressly provides for an extension of time within which to file the record *after* the petition has been filed, to include "any board documents expressing the decision," I.C. § 36-7-4-1613(a), which is exactly the purpose served by the written findings of fact.

[25] Accordingly, we hold that a board of zoning appeals makes its decision at the conclusion of the hearing on the matter. The findings of fact, while essential to judicial review, are not a separate, appealable decision of the board. In the present case, the BZA made its decision at the conclusion of the hearing on June 15, 2017. The Town then had thirty days from that date to file its petition for judicial review.[7] But the Town did not file the Second Petition until September 5, which was more than thirty days after the BZA had made its decision. Accordingly, the Town did not timely file the Second Petition, and

---

[7] We note that the Town timely filed its First Petition. However, the trial court dismissed that petition because the Town did not timely file the board record or seek an extension of time.

the trial court did not err when it dismissed that petition as untimely.[8] We affirm the trial court's order.

[26]     Affirmed.


Pyle, J., concurs.
Crone, J., dissents with separate opinion.

---

[8] The Town also asserts that the trial court erred when it dismissed the Second Petition pursuant to Indiana Trial Rule 12(B)(8). But, because we hold that the trial court properly dismissed the Second Petition as untimely, we need not address whether the trial court erred when it dismissed the same petition on other grounds.

# IN THE
# COURT OF APPEALS OF INDIANA

Town of Darmstadt and Bob Stoops, Town Council President,

*Appellants-Petitioners,*

v.

CWK Investments-Hillsdale, LLC, C. Wayne Kinney, and the Evansville-Vanderburgh County Board of Zoning Appeals,

*Appellees-Respondents.*

Court of Appeals Case No. 18A-MI-150

**Crone, Judge, dissenting.**

[27] According to my colleagues, "it is clear that the legislature intended for a petitioner to petition for judicial review based on the decision that the board made at the hearing, not based on its findings of fact." Slip op. at 11. I respectfully disagree.

[28] "With regard to statutory interpretation, the meaning and intention of the legislature is to be ascertained not only from the specific phraseology of a statute but also by considering design, nature, and the consequences that flow

from the various interpretations." *Concerned Citizens of W. Boggs Lake v. W. Boggs Sewer Dist., Inc.*, 810 N.E.2d 720, 723 (Ind. Ct. App. 2004). "Put another way, when construing the meaning of a statute, it is the court's objective to ascertain and give effect to the legislative intent and to interpret the statute in such a manner as to prevent absurdity and to advance public convenience." *Id.* Statutes relating to the same subject should be construed together to produce a harmonious statutory scheme. *Klotz v. Hoyt*, 900 N.E.2d 1, 5 (Ind. 2009).

[29] Indiana Code Section 36-7-4-919(e) provides that a board "shall make a decision" on a matter "at the conclusion of the hearing on that matter …." Notably, this statute doesn't say that such a decision is a "zoning decision" for purposes of Indiana Code Section 36-7-4-1605. Pursuant to Indiana Code Section 36-7-4-1016(a), a "zoning decision" is a board's "final" decision ("Final decisions of the board of zoning appeals under … the 900 series of this chapter … are considered zoning decisions for purposes of this chapter and are subject to judicial review in accordance with the 1600 series of this chapter.").[9] The legislature adopted the "final decision" terminology in 2011, and pre-2011 caselaw suggests that "final" in this sense means "that an administrative body has reached a determination representing the consummation of the

---

[9] "Nonfinal" zoning decisions are subject to judicial review only under limited circumstances. *See* Ind. Code § 36-7-4-1602(c) ("A person is entitled to judicial review of a nonfinal zoning decision only if the person establishes both of the following: (1) Immediate and irreparable harm. (2) No adequate remedy exists at law.").

administrative process" that "leav[es] nothing else to be accomplished …."[10]
*Johnson Cty. Plan Comm'n v. RamsHead Corp.*, 463 N.E.2d 295, 299 (Ind. Ct.
App. 1984). But even once a board has reached such a determination, one
thing remains to be accomplished: making the written findings of fact required
by Indiana Code Section 36-7-4-915. For the reasons given below, I believe that
a board's decision isn't truly "final" for purposes of Indiana Code Section 36-7-
4-1016, and therefore isn't a "zoning decision" for purposes of Indiana Code
Section 36-7-4-1605, until the board makes those findings.

[30] There is no requirement that a board make written findings at the conclusion of
a hearing, which reflects the practical reality that board employees often need
additional time to review the record, consult with board members (who may
have expressed differing reasons, or no reasons at all, for their votes at the
hearing), conduct legal research, and draft findings that are sufficiently specific
to allow a court to "review intelligently" the board's decision if someone files a
petition for judicial review. *Riverside Meadows I, LLC v. City of Jeffersonville, Bd. of
Zoning Appeals*, 72 N.E.3d 534, 539 (Ind. Ct. App. 2017) (quoting *Carlton v. Bd.
of Zoning Appeals of City of Indianapolis*, 252 Ind. 56, 64, 245 N.E.2d 337, 343
(1969)).

[31] Apropos of which, Indiana Code Section 36-7-4-1607(b)(6) provides that a
petition for judicial review must set forth "[i]dentification of the decision at

---

[10] Conceptually, a final zoning decision is similar to a trial court's final judgment, and a nonfinal zoning
decision is similar to an interlocutory order.

issue, together with a copy, summary, or brief description of the decision[,]" as well as "[s]pecific facts to demonstrate that the petitioner has been prejudiced by one (1) or more of the grounds described in" Indiana Code Section 36-7-4-1614, i.e., that the decision was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) contrary to constitutional right, power, privilege, or immunity; (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (4) without observance of procedure required by law; or (5) unsupported by substantial evidence."

[32]     In many cases, a petitioner won't be able to set forth specific facts to demonstrate that he or she has been prejudiced by the board's decision until after the board has issued its findings of fact.[11]  More fundamentally, a person may not be able to make an informed decision if a valid basis for judicial review exists until after the findings are issued.  Requiring a person to file a petition for judicial review of a decision before the board has explained that decision in writing is absurd and contrary to public convenience, as well as inconsistent with the Indiana Rules of Professional Conduct.  *See* Ind. Professional Conduct Rule 3.1 ("A lawyer shall not bring … a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not

---

[11] This Court has explained that the factfinding requirement "serves at least five important purposes[,]" i.e., "(1) to facilitate judicial review; (2) to avoid judicial intrusion into the administrative fact-finding process; (3) *to aid parties in the preparation of their case for judicial review*; (4) to assure careful consideration of the facts by administrative bodies; and (5) to insure that administrative bodies remain within their jurisdiction." *Schenkel v. Allen Cty. Plan Comm'n*, 407 N.E.2d 265, 270 (Ind. Ct. App. 1980) (emphasis added).

frivolous ….").  The logic of such an approach is evidenced by the Indiana Rules of Appellate Procedure not requiring a party to file a notice of appeal from a trial court's final judgment or interlocutory order until after the entry of the judgment or order – which may be accompanied by written findings if made sua sponte, requested by a party, or required by statute – is noted in the chronological case summary.  Ind. Appellate Rules 9(A)(1), 9(A)(2), 14(A); *see also* Ind. Appellate Rule 9(A)(3) (stating that party has thirty days to appeal from the date of an order, ruling, or decision of administrative agency).  In other words, if a trial judge were to announce an oral decision at the conclusion of a hearing or trial and then subsequently enter written findings, the time for perfecting an appeal would begin to run upon the entry of the later written findings.  For all these reasons, I would hold that "the date of the zoning decision" for purposes of Indiana Code Section 36-7-4-1605 should be interpreted as the date the board makes the written findings required by Indiana Code Section 36-7-4-916.

[33]  The BZA hearing minutes in this case show that two BZA members (Jonathan Parkhurst and Becky Kasha), BZA's counsel (Dirck Stahl), and an attorney assisting the Town at the hearing (Steve Bohleber) agreed, at least to some extent, with my position:

> **Mr. Bohleber:**  I think the findings have to be reduced in [sic] writing and I think that starts the appeal time.
>
> **Mr. Stahl:**  Right.
>
> ….

**Mr. Bohleber:** We need to take a look at that if the losing party tonight wishes to appeal.  I believe that's the procedure.

**Mr. Stahl:**  Yeah, the written findings constitute the final decision. That's right.

**Mr. Bohleber:**  Right, then I think you praesipe [sic] for a transcript of the record.  Then that starts the appealetic [sic] process to the trial court level.  Not the court of appeals.

**Ms. Kasha:**  Yeah.

**Mr. Stahl:**  Actually, I misspoke. That had to do with the Plan Commission decision.  You'd have to look at the 1600 Series on Review of the BZA Decision.  There is a requirement for findings.

**Mr. Parkhurst:** Clearly, the time for appeal wouldn't start until findings were made.

**Ms. Kasha:** Right.

**Mr. Bohleber:**  Right, and that's my recollection.  Obviously, the reviewing court can't do anything there's a praesipe [sic] prepared of the proceedings including the findings.

Appellants' App. Vol. 3 at 76.  To elaborate on Bohleber's point, if a court "can't do anything" without the board's written findings, it stands to reason that a petitioner can't do anything either.  Because the Town filed its second

petition for judicial review within thirty days after the BZA made its written findings, I would reverse and remand for further proceedings.[12]

---

[12] I agree with the Town that dismissal of both petitions was inappropriate under Trial Rule 12(B)(8).