Crone, Judge, dissenting.
[27] According to my colleagues, "it is clear that the legislature intended for a petitioner to petition for judicial review based on the decision that the board made at the hearing, not based on its findings of fact." Op. at 16. I respectfully disagree.
[28] "With regard to statutory interpretation, the meaning and intention of the legislature is to be ascertained not only *18 from the specific phraseology of a statute but also by considering design, nature, and the consequences that flow from the various interpretations." Concerned Citizens of W. Boggs Lake v. W. Boggs Sewer Dist., Inc. , 810 N.E.2d 720, 723 (Ind. Ct. App. 2004). "Put another way, when construing the meaning of a statute, it is the court's objective to ascertain and give effect to the legislative intent and to interpret the statute in such a manner as to prevent absurdity and to advance public convenience." Id. Statutes relating to the same subject should be construed together to produce a harmonious statutory scheme. Klotz v. Hoyt , 900 N.E.2d 1, 5 (Ind. 2009).
[29] Indiana Code Section 36-7-4-919(e) provides that a board "shall make a decision" on a matter "at the conclusion of the hearing on that matter ...." Notably, this statute doesn't say that such a decision is a "zoning decision" for purposes of Indiana Code Section 36-7-4-1605. Pursuant to Indiana Code Section 36-7-4-1016(a), a "zoning decision" is a board's "final" decision ("Final decisions of the board of zoning appeals under ... the 900 series of this chapter ... are considered zoning decisions for purposes of this chapter and are subject to judicial review in accordance with the 1600 series of this chapter.").[9] The legislature adopted the "final decision" terminology in 2011, and pre-2011 caselaw suggests that "final" in this sense means "that an administrative body has reached a determination representing the consummation of the administrative process" that "leav[es] nothing else to be accomplished ...."[10] Johnson Cty. Plan Comm'n v. RamsHead Corp. , 463 N.E.2d 295, 299 (Ind. Ct. App. 1984). But even once a board has reached such a determination, one thing remains to be accomplished: making the written findings of fact required by Indiana Code Section 36-7-4-915. For the reasons given below, I believe that a board's decision isn't truly "final" for purposes of Indiana Code Section 36-7-4-1016, and therefore isn't a "zoning decision" for purposes of Indiana Code Section 36-7-4-1605, until the board makes those findings.
[30] There is no requirement that a board make written findings at the conclusion of a hearing, which reflects the practical reality that board employees often need additional time to review the record, consult with board members (who may have expressed differing reasons, or no reasons at all, for their votes at the hearing), conduct legal research, and draft findings that are sufficiently specific to allow a court to "review intelligently" the board's decision if someone files a petition for judicial review. Riverside Meadows I, LLC v. City of Jeffersonville, Bd. of Zoning Appeals , 72 N.E.3d 534, 539 (Ind. Ct. App. 2017) (quoting Carlton v. Bd. of Zoning Appeals of City of Indianapolis , 252 Ind. 56, 64, 245 N.E.2d 337, 343 (1969) ).
[31] Apropos of which, Indiana Code Section 36-7-4-1607(b)(6) provides that a petition for judicial review must set forth "[i]dentification of the decision at issue, together with a copy, summary, or brief description of the decision[,]" as well as "[s]pecific facts to demonstrate that the petitioner has been prejudiced by one (1) or more of the grounds described in"
*19 Indiana Code Section 36-7-4-1614, i.e., that the decision was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) contrary to constitutional right, power, privilege, or immunity; (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (4) without observance of procedure required by law; or (5) unsupported by substantial evidence."
[32] In many cases, a petitioner won't be able to set forth specific facts to demonstrate that he or she has been prejudiced by the board's decision until after the board has issued its findings of fact.[11] More fundamentally, a person may not be able to make an informed decision if a valid basis for judicial review exists until after the findings are issued. Requiring a person to file a petition for judicial review of a decision before the board has explained that decision in writing is absurd and contrary to public convenience, as well as inconsistent with the Indiana Rules of Professional Conduct. See Ind. Professional Conduct Rule 3.1 ("A lawyer shall not bring ... a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous ...."). The logic of such an approach is evidenced by the Indiana Rules of Appellate Procedure not requiring a party to file a notice of appeal from a trial court's final judgment or interlocutory order until after the entry of the judgment or order - which may be accompanied by written findings if made sua sponte, requested by a party, or required by statute - is noted in the chronological case summary. Ind. Appellate Rules 9(A)(1), 9(A)(2), 14(A) ; see also Ind. Appellate Rule 9(A)(3) (stating that party has thirty days to appeal from the date of an order, ruling, or decision of administrative agency). In other words, if a trial judge were to announce an oral decision at the conclusion of a hearing or trial and then subsequently enter written findings, the time for perfecting an appeal would begin to run upon the entry of the later written findings. For all these reasons, I would hold that "the date of the zoning decision" for purposes of Indiana Code Section 36-7-4-1605 should be interpreted as the date the board makes the written findings required by Indiana Code Section 36-7-4-916.
[33] The BZA hearing minutes in this case show that two BZA members (Jonathan Parkhurst and Becky Kasha), BZA's counsel (Dirck Stahl), and an attorney assisting the Town at the hearing (Steve Bohleber) agreed, at least to some extent, with my position:
Mr. Bohleber: I think the findings have to be reduced in [sic] writing and I think that starts the appeal time.
Mr. Stahl: Right.
....
Mr. Bohleber: We need to take a look at that if the losing party tonight wishes to appeal. I believe that's the procedure.
Mr. Stahl: Yeah, the written findings constitute the final decision. That's right.
Mr. Bohleber: Right, then I think you praesipe [sic] for a transcript of the record. Then that starts the appealetic [sic] process to the trial court level. Not the court of appeals.
Ms. Kasha: Yeah.
*20 Mr. Stahl: Actually, I misspoke. That had to do with the Plan Commission decision. You'd have to look at the 1600 Series on Review of the BZA Decision. There is a requirement for findings.
Mr. Parkhurst: Clearly, the time for appeal wouldn't start until findings were made.
Ms. Kasha: Right.
Mr. Bohleber: Right, and that's my recollection. Obviously, the reviewing court can't do anything there's a praesipe [sic] prepared of the proceedings including the findings.
Appellants' App. Vol. 3 at 76. To elaborate on Bohleber's point, if a court "can't do anything" without the board's written findings, it stands to reason that a petitioner can't do anything either. Because the Town filed its second petition for judicial review within thirty days after the BZA made its written findings, I would reverse and remand for further proceedings.[12]

"Nonfinal" zoning decisions are subject to judicial review only under limited circumstances. See Ind. Code § 36-7-4-1602(c) ("A person is entitled to judicial review of a nonfinal zoning decision only if the person establishes both of the following: (1) Immediate and irreparable harm. (2) No adequate remedy exists at law.").

Conceptually, a final zoning decision is similar to a trial court's final judgment, and a nonfinal zoning decision is similar to an interlocutory order.

This Court has explained that the factfinding requirement "serves at least five important purposes[,]" i.e., "(1) to facilitate judicial review; (2) to avoid judicial intrusion into the administrative fact-finding process; (3) to aid parties in the preparation of their case for judicial review ; (4) to assure careful consideration of the facts by administrative bodies; and (5) to insure that administrative bodies remain within their jurisdiction." Schenkel v. Allen Cty. Plan Comm'n , 407 N.E.2d 265, 270 (Ind. Ct. App. 1980) (emphasis added).

I agree with the Town that dismissal of both petitions was inappropriate under Trial Rule 12(B)(8).