

FILED

Jun 07 2019, 8:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Larry O. Wilder
Jeffersonville, Indiana

ATTORNEY FOR APPELLEE

Keith D. Mull
New Albany, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Utica Township Fire Department Incorporated, *Appellant-Petitioner,* <br><br> v. <br><br> Floyd County Board of Zoning Appeals, *Appellee-Respondent* | June 7, 2019 <br><br> Court of Appeals Case No. 18A-PL-2725 <br><br> Appeal from the Floyd Circuit Court <br><br> The Honorable J. Terrence Cody, Judge <br><br> Trial Court Cause No. 22C01-1710-PL-1405 |

**Vaidik, Chief Judge.**

## Case Summary

[1] Utica Township Fire Department Incorporated ("Fire Department") appeals the trial court's denial of its petition for judicial review of a decision of the Floyd County Board of Zoning Appeals ("BZA"). We affirm.

# Facts and Procedural History

In June 2017, the Fire Department, a non-profit corporation, bought the property at 1436 W. Knable Road in Georgetown for use as an emergency medical services sub-station. The property, which includes a house and a two-stall garage, is located in an area zoned for residential use. However, the Fire Department did not seek permission to operate the sub-station either before or after purchasing the property. Instead, it simply began using the property as a sub-station.

Shortly thereafter, "a complaint was filed with the Floyd County Plan Commission asserting that [the Fire Department] was operating in violation of the County's zoning ordinance." Appellant's Br. p. 6. Only then did the Fire Department file a Conditional Use Application with the BZA. The Floyd County Zoning Ordinance, Section 15.09, provides that the BZA must approve such an application if:

> a. The conditional use will not be injurious to the public health, safety, moral, and general welfare of the community.
>
> b. The use and value of area adjacent to the property will not be adversely affected.

c. The need for the conditional use does not result from[1] any conditions, unusual or peculiar to the subject property.

d. The strict application of the terms of the Floyd County Zoning Ordinance would result in an unnecessary hardship in the use of the property.

e. The approval of the conditional use will not contradict the goals and objectives of the Floyd County Comprehensive Plan.

Appellant's App. Vol II p. 78.

After holding a hearing on the application, the BZA found in favor of the Fire Department as to the first, second, third, and fifth requirements but not the fourth:

1. The conditional use will not be injurious to the public health, safety, morals, and general welfare of the community because: the ambulance service is a community asset that travels all county roads, legally.

2. The use and value of the area adjacent to the property will not be adversely affected because: the [Fire Department] will maintain the property.

---

[1] We assume the inclusion of the phrase "does not result from" was a drafting error. The statute on which the ordinance appears to be based, Indiana Code section 36-7-4-918.4, requires a finding that "the need for the variance **arises from** some condition peculiar to the property involved[.]" (Emphasis added). In any event, this conflict between the ordinance and the statute is irrelevant to our ultimate resolution of the Fire Department's appeal.

3. The need for the conditional use does not result from any conditions, unusual, or peculiar to the property itself because: instead, the need is dictated by the ordinance itself.

**4. Strict application of the terms of the Floyd County Zoning Ordinance will not result in an unnecessary hardship in the use of the property because: it is a home & can be occupied & utilized as one in the future[.]**

5. Approval of the conditional use will not contradict the goals and objectives of the Floyd County Comprehensive Plan because: we all need ambulance services and they are permitted and welcomed other places.

*Id.* at 74 (emphasis added).[2]  Because not all five requirements were satisfied, the BZA denied the Fire Department's application.

[5] The Fire Department then filed a petition for judicial review of the BZA's decision.  In its brief in support of the petition, the Fire Department argued that "[t]he findings of fact entered by the BZA are merely recitations of the relevant statutory language and therefore insufficient to allow review [of] the BZA's action." *Memorandum in Support of Petition on Appeal*, Case No. 22C01-1710-PL-

---

[2] The BZA's finding on the third requirement—that "[t]he need for the conditional use **does not** result from any conditions, unusual, or peculiar to the property itself because: instead, the need is dictated by the ordinance itself," Appellant's App. Vol. II p. 74 (emphasis added)—was technically favorable to the Fire Department under Section 15.09(C)(1)(c) of the Floyd County Zoning Ordinance, but, as discussed in note 1, that portion of the ordinance conflicts with Indiana Code section 36-7-4-918.4.  Again, that conflict does not affect our analysis of the Fire Department's appeal.

1405 (filed July 15, 2018). The trial court disagreed with the Fire Department and affirmed the BZA's decision.

[6] The Fire Department now appeals.

# Discussion and Decision

[7] On appeal, the Fire Department renews its argument that "[t]he findings of fact entered by the BZA are merely recitations of the relevant statutory language and therefore insufficient to allow review of the BZA's action." Appellant's Br. p. 8. Before addressing that claim, we note that the argument section of the Fire Department's brief is essentially a word-for-word reproduction of large portions of this Court's analysis in *Riverside Meadows I, LLC v. City of Jeffersonville, Indiana Board of Zoning Appeals*, 72 N.E.3d 534 (Ind. Ct. App. 2017). Nowhere in the brief, however, is there a citation to that opinion. We have condemned this type of wholesale appropriation before. *See Keeney v. State*, 873 N.E.2d 187, 190 (Ind. Ct. App. 2007) (reprimanding appellate attorney who "merely transplanted" text of Massachusetts federal court order into her brief "as if it were her own work").

[8] Because the Fire Department's argument was lifted directly from our analysis in *Riverside Meadows I*, there is no discussion of the BZA's actual findings **in this case**. Given that the Fire Department's only contention on appeal is that the BZA's findings are insufficient, this omission is problematic. Moreover, the argument does not include any citations to the record on appeal. This is a

violation of Appellate Rule 46(A)(8)(a).[3]  As our Supreme Court has observed, "A brief is not to be a document thrown together without either organized thought or intelligent editing on the part of the brief-writer.  Inadequate briefing is not, as any thoughtful lawyer knows, helpful to either a lawyer's client or to the Court."  *Frith v. State*, 263 Ind. 100, 325 N.E.2d 186, 189 (1975).

[9]  In any event, *Riverside Meadows I* is easily distinguishable from this case.[4]  There, the Jeffersonville Board of Zoning Appeals denied an application for a use variance and entered findings that literally mirrored the language of the applicable zoning ordinance.  *Riverside Meadows I*, 72 N.E.3d at 536-39.  We explained that such findings are insufficient to permit meaningful judicial

---

[3] The Fire Department's statement of the case and statement of facts do not include any citations to the record either, in violation of Appellate Rule 46(A)(5) and (6)(a).  The reason for this, we gather, is that the Fire Department's brief on appeal is for the most part a replica of the brief it filed in the trial court, which itself was devoid of any citations to the BZA record.  *See Memorandum in Support of Petition on Appeal*, Case No. 22C01-1710-PL-1405 (filed July 15, 2018).

[4] In his eagerness to borrow from *Riverside Meadows I*, the Fire Department's attorney failed to recognize the distinction between a "use variance" and a "conditional use."  *Riverside Meadows I* involved the former, as we noted in the first sentence of our analysis: "In the present case, Riverside sought a use variance from the zoning ordinance."  72 N.E.3d at 538.  This case, on the other hand, involves an application for a conditional use.  Appellant's App. Vol. II p. 80.  However, except for the name of the appellant, the first sentence of counsel's "analysis" is identical to that sentence from *Riverside Meadows I*: "In the present case, Utica sought a **use variance** from the zoning ordinance."  Appellant's Br. p. 8 (emphasis added).  As we have explained:

> A conditional use is not a variance.  The primary difference between the two is that a conditional use is not an exceptional use.  A conditional use is a desirable use which is attended with detrimental effects which require that certain conditions be met before it can be established at a given location.  While a variance is a departure from the terms of an ordinance, a conditional use is a permitted use under the terms of the ordinance, so long as the enumerated conditions are met.

*Eberhart v. Ind. Waste Sys., Inc.*, 452 N.E.2d 455, 460 (Ind. Ct. App. 1983) (citations omitted).  The Floyd County Zoning Ordinance contains separate procedures for conditional uses (Section 15.09) and use variances (Section 15.11).

review of the BZA decision, and we remanded the matter to the BZA for the entry of more detailed findings. *Id.* at 539-40.

[10] Here, the Fire Department's claim that the BZA's findings were "merely recitations" of the controlling ordinance is simply inaccurate. As discussed above, the BZA included case-specific reasoning in each of its five findings. *See* Appellant's App. Vol. II p. 74. Most importantly, regarding the fourth requirement, the BZA found that "[s]trict application of the terms of the Floyd County Zoning Ordinance will not result in an unnecessary hardship in the use of the property **because: it is a home & can be occupied & utilized as one in the future**[.]" *Id.* (emphasis added). In short, the property the Fire Department purchased is a dwelling, and it can be used as such going forward. That strikes us as an eminently reasonable rationale for denying the conditional use application, and the Fire Department does not argue otherwise. Instead, it rests on its assertion that the BZA's findings just track the language of the Floyd County ordinance. Because that assertion is wrong, the Fire Department's appeal necessarily fails.

[11] Affirmed.

Kirsch, J., and Altice, J., concur.